**STATE of Missouri ex rel. Derwin DODSON, Relator,**

v.

**Theodore McNEAL, etc., Comprising the Board of Police Commissioners, St. Louis, Missouri, Appellants.**

**No. 38,061.**

Missouri Court of Appeals,
St. Louis District,
Division One.

April 19, 1977.

Motion for Rehearing or Transfer
Denied June 9, 1977.

Application to Transfer Denied
July 11, 1977.

Lashly, Caruthers, Thies, Rava & Hamel, Albert J. Stephan, Jr., St. Louis, for appellants.

London & Greenberg, Lawrence J. Fleming, St. Louis, for relator.

CLEMENS, Presiding Judge.

Relator Derwin Dodson, a St. Louis police officer, sought mandamus against Respondent Board of Police Commissioners to compel the Board to hold a hearing to determine whether Dodson's injuries in an auto accident were incurred "in the line of duty." The circuit court held Dodson's injuries were suffered in the line of duty and ordered the Board to hold a hearing to determine compensation for the disability. The Board appeals the issuance of the writ of mandamus.

The Board's first contention disposes of this appeal. It challenges the circuit court's jurisdiction to entertain Relator's petition for a writ of mandamus. We uphold that challenge and hold the circuit court erred in denying the Board's motion to quash.

In 1973 Relator Dodson was injured in an auto collision on his way by a circuitous route from home to court under subpoena to testify. This was outside his regular duty hours. As a result of his injuries Dodson went on accumulated sick leave and was off duty 157 days. The day after the collision, April 17, 1973, the police department informed Dodson his injuries were "non-line of duty injury." Dodson took no action to appeal this classification. A few months later the Department took disciplinary action against Dodson for failure to

file a request for extension of sick leave 15 days before the exhaustion of his accumulated sick leave. The day his sick leave was exhausted, August 21, 1973, Dodson filed his request for furlough without pay (extension of sick leave) noting on the form "all sick credits . . . exhausted effective 8–20–73." The police Board held a hearing October 16, 1973 on the disciplinary charges at which both parties were represented by counsel and Dodson testified. The Board issued its findings December 12, 1973. It concluded Dodson had failed to make a timely request for extension of sick leave and suspended him for five days without pay. Dodson did not appeal, but two years later brought this mandamus action.

■ Whenever an administrative agency, such as the Board of Police Commissioners, renders a decision in a "contested case," review cannot be by mandamus. Section 536.150, RSMo 1969. An action which deprives a police officer of pay is a "contested case" within the definition of Section 536.-010(2), RSMo 1969. *Davis v. Long,* 360 S.W.2d 307 [2, 3] (Mo.App.1962). Appeals from "contested cases" must be filed within 30 days after notice of the decision. Section 536.110(1), RSMo 1969. *Moore v. Damos,* 489 S.W.2d 465[7] (Mo.App.1972).

■ We conclude that in disciplining Dodson for failure to timely request extension of sick leave the Board necessarily ruled Dodson's injury was non-line-of duty. Our conclusion stems from Police Regulation 8.413: "No sick leave credit shall be deducted from members who shall have been absent from line of duty due to a *line of duty* injury." (Emphasis added). Dodson testified he was aware of that regulation when he filed for extension of sick leave. In fact, Dodson himself noted the exhaustion of his sick leave credits on his request for leave of absence. A reading of this regulation leads to the conclusion an extension is not required when the injury is classified as line of duty, because sick credits are not exhausted by such injuries. In finding Dodson failed to make a timely request for extension, the Board necessarily found an extension was required. There-

fore, Dodson's injuries were necessarily classified as not "line of duty" injuries.

The proper procedure for review of the Board's decision was an appeal filed within 30 days. Dodson could then have asserted his claim his injury was incurred in line of duty and request the Board to consider all competent and material evidence. Section 536.140(2), (4), RSMo 1969. Because Dodson failed to make timely use of the appellate review provision, § 536.110(1), RSMo 1969, the circuit court had no jurisdiction to grant mandamus. *Moore v. Damos, supra.*

Judgment reversed.

DOWD and SMITH, JJ., concur.