SPECIALTY TRANSIT CO.,
INC., Appellant,

v.

Gerald H. GOLDBERG, Missouri Director
of Revenue, Respondent.

Nos. 41763, 41764.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 8, 1980.

Ralph A. Kister, St. Charles, for appellant.

John Ashcroft, Atty. Gen., Arnold R. Day, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

The sole issue here is which of two limitation statutes applies. Plaintiff taxpayer contends that having initially suffered a non-suit on his 1974 petition for review of two tax assessments he was, under Section 516.230 R.S.Mo. 1969 [1] entitled to re-file the present petitions for review within one year of the dismissal. The defendant Director of Revenue contends to the contrary that since plaintiff's present action was for judicial review of defendant's final 1974 administrative ruling it was barred by Section 536.110 1., because it was not, as required thereby, filed within thirty days of the complained-of ruling. The trial court so held, and we affirm.

Initially, and before the corporate plaintiff taxpayer filed its current petitions for review the defendant Director of Revenue denied plaintiff's 1974 protest to two assessments, and plaintiff timely appealed that ruling to the circuit court. Plaintiff took no action thereon and four years later the court dismissed plaintiff's petitions for want of prosecution. Plaintiff did not appeal and does not now challenge those dismissals. But eight months later, in 1979, plaintiff again filed its petitions for review.

On the defendant director's motion the court dismissed plaintiff's second round of petitions for review on the ground they were not filed within thirty days of the challenged assessments as is required for review of administrative decisions by Sec-

---

1. All section numbers refer to R.S.Mo. 1969.

**54**

tion 536.110 1. *Lafayette Federal Savings and Loan Association of Greater St. Louis v. Koontz*, 516 S.W.2d 502[1–3] (Mo.App. 1974), and *State ex rel. Dodson v. McNeal*, 552 S.W.2d 34[1–2] (Mo.App.1977). The trial court dismissed plaintiff's petitions on that ground and plaintiff appeals.

In 1979 the circuit court entered a blanket order dismissing cases for want of prosecution, including plaintiff's 1974 petitions for review, "subject to refiling within one year under the provisions of Section 516.230 V.A.M.S. *where applicable*". (Our emphasis.) That section, and the order permitting refiling, limits its application to general statutes of limitation, Section 516.010 to 516.370, and by Section 516.300 excludes "any action which is or shall be otherwise limited by any statute". Here, the plaintiff's second round of petitions for review were "otherwise limited by statute", namely Section 536.110 1., requiring petitions for review of administrative decisions to be filed within thirty days after the agency's final decision.

In sum, we follow the circuit court's 1979 order holding that the general statutes of limitation apply to civil proceedings, not the present petitions for review, and are barred by Section 536.110 1. for plaintiff's failure to file its petitions for review within thirty days of the defendant's initial 1974 adverse ruling.

Judgment affirmed.

DOWD, P. J., and REINHARD and CRIST, JJ., concur.