Curtis W. LONG M.D., Individually and C.W. Long and Associates Inc., Respondents,

v.

BATES COUNTY MEMORIAL HOSPITAL BOARD OF DIRECTORS, Donald C. Lamkins, Administrator, Gaylord (Pete) Hill, Fred Marquardt, Lucille Armstrong, Stan Shaw and Dwight Bitner, Appellants.

No. WD 34238.

Missouri Court of Appeals, Western District.

Dec. 27, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Jan. 31, 1984.

Motion to Withdraw Application to Transfer Sustained March 20, 1984.

Ewing, Carter, McBeth, Smith, Gosnel & Vickers, Nevada, for appellants.

Edward J. Murphy, Butler, for respondents.

Before MANFORD, P.J., and CLARK and KENNEDY, JJ.

MANFORD, Presiding Judge.

This is a direct appeal from a judgment, in the form of a permanent injunction, setting aside a prior order of a county hospital board of trustees which had temporarily suspended the staff privileges of one of its medical staff.

The cause was heard by the Honorable H.A. Kelso, Senior Judge, pursuant to an order of the Chief Justice of the Missouri Supreme Court.

The judgment is affirmed.

Appellants present three points, charging that the trial court erred in entering the permanent injunction, because (1) the trial court abused its discretion by applying the wrong scope of review to the Board's decision; (2) if § 536.150, RSMo 1978 is applicable, the trial court failed to comply with the standard prescribed by that statutory section; and (3) the trial court's judgment was based solely upon the testimony of a single witness, whereas the trial court should have considered all of the evidence in a light most favorable to the Board's decision, and if such evidence would support either of two opposite findings, the trial court was bound to uphold the Board's decision.

In summary, the record reveals the following facts. Respondent, Dr. Long, received a letter from the appellant, Board of Trustees, dated March 22, 1982, informing him that due to an incident of February 9, 1982, his medical staff privileges for admitting patients to the Bates County Memorial Hospital were to be suspended for a period of twenty-one days. The Board based its decision upon an investigative report by the hospital's attorney, the progress record of a hospital patient, six affidavits from members of the nursing staff, and a report of

the hospital Credentials Committee. Based upon the foregoing informational source, the Board concluded that Dr. Long had "surrepetitiously administered" a sedative (in the form of a rectal suppository) in an effort and for the purpose of performing a diagnostic test (which was recommended by Dr. Long but which the patient refused to undergo) upon the patient. The Board further concluded that it found no evidence that the patient was incompetent (she was 87 years of age), and did find evidence that the patient was fully aware of her surroundings, the nature and importance of the diagnostic test, and the recommendation by her family and Dr. Long that she undergo the test.

On March 24, 1982, Dr. Long filed his petition for a restraining order and injunction with the Circuit Court of Bates County. On June 14, 1982, the matter was heard. A hearing on the temporary injunction was waived by the parties, and the hearing was limited to the issuance or denial of a permanent injunction. In addition to his own testimony, Dr. Long produced other witnesses which included three physicians and the patient in question. The Board called four witnesses, which included two nurses, the chairman of the board, and the hospital administrator.

At the close of the hearing, the trial court entered findings of fact and conclusions of law. The court entered a permanent injunction, which suspended the previous order of the Board. This appeal followed.

Under point (1), appellants charge that the trial court erred in abusing its discretion by applying the wrong scope of review of the Board's decision. The Board contends on this appeal that the trial court should have reviewed only the evidence that was before the Board at the time the Board rendered its decision, should have weighed only that evidence, and should not have taken additional evidence.

■ Appellant's point (1) is taken up and after full consideration is found to be meritless because of the following reasons:

(1) The action before the Board was an *uncontested* case, thus judicial review is prescribed by § 536.150, RSMo 1978 (formerly § 536.105). *State v. Jensen,* 318 S.W.2d 353, 356 (Mo. banc 1958); *Phipps v. School District of Kansas City,* 645 S.W.2d 91, 95 (Mo.App.1982). A noncontested case has been described as a case "not required to be contested in a hearing before the agency." *Jensen* at 356. The instant case falls within this definition because neither the statute creating the board of trustees, § 205.170–195, RSMo 1978, nor the hospital by-laws, requires a hearing.

(2) It has already been ruled that in a noncontested case the "administrative body acts on discretion or on evidence not formally adduced and preserved." *Phipps* at 94–95. In such cases, there is no transcript for the trial or circuit court to review. Section 536.150 was enacted to address this situation. Section 536.150 "provides for the making in court, in a certiorari proceeding, for example, of the same kind of record that would be made before the agency in a case reviewable under Section 22 of Article V of the Constitution. In other words it gives the court power to hear evidence on the merits of the plaintiff's case before the agency, so that it can determine in light of the facts as they appear to the court whether the agency's decision is proper." *State ex rel. State Tax Commission v. Walsh,* 315 S.W.2d 830, 834 (Mo. banc 1958).

(3) The trial court herein did not err by applying the scope of review prescribed by § 536.150.

Under point (2), appellants charge that if § 536.150 is found to be applicable [as it has been under (1) above], then the trial court herein erred by failing to comply with the standard of review prescribed by that statute.

Appellants initially assert (and such assertion is correct) that the applicable standard of review pursuant to § 536.150.1 is whether the administrative body, with sole discretion to grant or withhold a privilege, in fact exercised its discretion lawfully.

Appellants contend further that the evidence herein was overwhelming in support of the lawfulness of appellants' decision to suspend Dr. Long. Appellants further contend that the trial court erred when it concluded that appellants' decision was capricious, because said conclusion was based solely upon the evidence of the patient (i.e., that she consented to the administration of the sedative by Dr. Long). From this, appellants conclude that the trial court, contrary to the direction of § 536.150, substituted its discretion for that of the Board.

Appellants' point (2) is taken up, and after full consideration, is found to be meritless because of the following reasons:

■ (1) Review by this court of the trial court's action in this noncontested case is within Rule 73.01, as that rule has been construed in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). A judgment entered pursuant to § 536.150 is essentially the same as any other judgment declared in a court-tried case. *Phipps* at 97. *See also* Rule 100.08. As further stated in *Phipps* at 97, "Accordingly, *the court of appeals reviews the judgment of the circuit court* to determine whether the adjudication that the administrative decision was or was not 'unconstitutional, unlawful, unreasonable, arbitrary or capricious or involves an abuse of discretion' [§ 536.150.1 and Rule 100.-08(a)] rests on substantial evidence and validly decides the questions of law." In a *contested case* the scope of review differs in that the courts of appeal review the decision of the agency as opposed to the judgment or decision of the trial or circuit court. In the instant case, this court defers to the trial court for its opportunity to assess the facts and the credibility of the witnesses, but does not defer to the facts or credibility of witnesses assessed by the Board.

■ (2) Within the foregoing scope of review, this court concludes that there was, contrary to the contention of appellants, substantial evidence to support the trial court's judgment. Further, the judgment was not against the weight of the evidence, nor did it erroneously apply or declare the law.

Under final point (3), appellants charge that the trial court erred in granting the permanent injunction, because the trial court's judgment was based solely upon the testimony of the patient, whereas the trial court should have considered all the evidence in a light most favorable to the decision of the Board, and if such evidence would support either of two opposite findings, the trial court was bound to uphold the Board's decision to suspend Dr. Long.

Appellants contend that since the trial court was presented with evidence contrary to the evidence upon which the Board based its decision, the trial court was bound to uphold the Board's decision. In support of this contention, this court is referred to *Hermel v. State Tax Commission*, 564 S.W.2d 888 (Mo. banc 1978).

Appellants' final point (3) is taken up, and after full consideration is found to be meritless because of the following reasons:

(1) Appellants' reliance upon *Hermel* is misplaced, because in *Hermel*, the court reviewed a *contested* case pursuant to § 536.140, RSMo 1978. Thus, as prescribed by § 536.140, the court in *Hermel* properly reviewed the evidence *before the agency* and determination was made based upon that evidentiary source. See *Board of Education, Mt. Vernon Schools v. Shank*, 542 S.W.2d 779 (Mo. banc 1976), for the same rule found in *Hermel* that in a contested case "if evidence before an administrative body would warrant either of two opposed findings ..." the court is bound to uphold the agency decision. The rule in *Hermel* and *Shank* has no application to the instant case because herein the case is *uncontested*.

(2) Review in an *uncontested case*, such as the case herein, is essentially a hearing de novo pursuant to § 536.150. *Phipps, supra.* The reviewing court is *not* bound by the evidence solely before the administrative agency, i.e., the Board herein.

(3) Within the foregoing principles and in conjunction with the ruling herein that

there was substantial evidence to support the trial court's judgment, this court concludes that the trial court herein was not bound to uphold the Board's decision because controverted evidence upon the whole of the record might have supported either of two opposite findings.

Judgment affirmed.

KENNEDY, J., concurs.

CLARK, J., dissents in separate dissenting opinion.

CLARK, Judge, dissenting.

I respectfully dissent from the majority opinion in this case because, in my view, the opinion overlooks or misapplies relevant portions of § 536.150.1, RSMo 1978.[1] As a consequence, the majority opinion fails to recognize the legislative investiture of sole discretion in certain administrative bodies, such as the Bates County Community Hospital Board of Trustees, erroneously declares the law in the case and reaches the wrong result. I would reverse the judgment of the trial court and reinstate the disciplinary action imposed on Dr. Long by the hospital trustees.

The controversy involving Dr. Long arose when Bates County hospital personnel reported an unusual incident associated with Dr. Long's treatment of an elderly patient on the hospital premises. By the account of staff nurses, the patient had refused to submit to a diagnostic test recommended by Dr. Long who thereupon administered a sedative with the apparent objective of facilitating performance of the test. The incident was investigated and reports were furnished to the hospital trustees. Based on those reports, the trustees found that Dr. Long's conduct had not been compatible with the standards for care of patients in the hospital and the temporary suspension of privileges was imposed.

Dr. Long sought relief in the circuit court by a suit for injunction. As that case came on for trial, counsel for the respective parties indicated disagreement as to the scope of judicial review to be indulged in examining the conduct of hospital affairs by the trustees and, particularly, the discipline of Dr. Long. The attorney for Dr. Long proposed to call a number of witnesses to testify concerning the treatment administered the patient in question and to express their opinion of Dr. Long's professional conduct. Counsel for the hospital objected contending that evidence should be limited to the claim in the injunction petition that the hospital trustees had imposed the suspension without factual basis. The crux of the dispute was whether the court should proceed anew to assess the conduct of Dr. Long on the merits or limit its inquiry to a review of the trustees' action in the context of facts presented at the time to the trustees.

The trial court initially ruled the point in favor of the trustees' position stating:

" * * * I think the issue is what the facts were before the board at the time and whether or not their finding on those facts were (sic) arbitrary and capricious."

Inexplicably, the trial court did not confine the evidence in conformity with the ruling quoted above, but instead received and considered evidence as to Dr. Long's professional conduct, much of which evidence had never been presented to the trustees or conflicted with prior statements. The trial judge then proceeded to judgment on the qualifications of Dr. Long to practice in the Bates County Hospital. In doing so, the court undertook to displace the trustees in ruling on Dr. Long's entitlement to the privilege of admitting patients to the hospital and substituted the court's discretion for that of the trustees in the matter of internal management of the hospital.

To address the controlling point on this appeal, it is first necessary to review the statutes under which appellant hospital was organized and which also define the powers and obligations of the board of trustees. The relevant statutes are §§ 205.150 and 205.374. The affairs of the hospital are managed by a board of trustees which is empowered to adopt rules and

1. All references are to RSMo 1978.

regulations. Section 205.190, RSMo Supp. 1982. As to every physician, podiatrist and dentist admitted to practice in the hospital, the board of trustees is the supreme governing authority of the hospital and admission to practice is conditioned upon authorization by the board. Section 205.195. The board of trustees as the governing body of the hospital is the supreme legal authority in the hospital. 13 CSR 50–20.030(1)(A)(3). [Rescinded November 11, 1982—Replaced by 13 CSR–50–20.021 effective November 11, 1982].

Among the responsibilities of the hospital trustees is the appointment of the hospital professional staff and the accreditation of physicians. The medical staff is responsible to the board and enjoys reappointment at the discretion of the board. 13 CSR 50–20.030(1)(A)(10) and 20.030(2)(A)(2). [See rescission noted above]. The board of trustees, as the supreme governing authority in hospital matters, is invested with the sole discretion to grant, withhold or suspend medical staff privileges to physicians.

The administrative proceeding by the board of hospital trustees to discipline Dr. Long was, for purposes of judicial review, a non-contested case. In a non-contested case, there is no record of the hearing conducted by the administrative body and, thus, evidence must be taken by the court to determine whether the administrative decision was lawful. *Phipps v. School District of Kansas City*, 645 S.W.2d 91, 95 (Mo.App.1982). Despite the de novo nature of the judicial inquiry, the scope of proper evidence is defined by Chapter 536. It is the applicable terms of § 536.150.1 which prompted the trial court to rule, as it originally did, to limit Dr. Long's evidence. Those same provisions, however, seem to have been later ignored in the course of trial and have likewise escaped notice and application in the majority opinion.

Section 536.150.1 provides as to judicial review in non-contested cases: " * * * but the court shall not substitute its discretion for discretion legally vested in such administrative officer or body, and *in cases where the granting or withholding of a*

*privilege is committed by law to the sole discretion of such administrative officer or body, such discretion lawfully exercised shall not be disturbed.*" (Emphasis supplied).

Under the statute, the hospital trustees were established as the supreme legal authority in the hospital, they were responsible for accreditation of physicians and were entitled and obligated to exercise their discretion in granting to or withholding from physicians the privilege of admitting patients to the hospital. That discretion is not, of course, unbridled, but is subject to judicial review on grounds that it has been unlawfully exercised.

There can be no doubt that Dr. Long's complaint of arbitrary action by the hospital trustees was not sustained but, to the contrary, the court found that issue in favor of the trustee board. Such is manifest from the following entries in the court's judgment:

" * * * [a]t the time of the Board hearing the Board had ample facts to cause it to believe that Dr. Long had administered treatment to a patient without the patient's consent. * * * [t]he action of the Board in suspending Dr. Long's privileges was not arbitrary nor discriminatory * * * the Board's action was a result of a mistake of fact."

It is apparent from the content of the judgment that the decision would have been in favor of appellants had the court adhered to its original statement of the issue in the case. This follows because the court was plainly convinced the board of trustees had acted reasonably on the facts before them and, consequently, Dr. Long had failed to sustain his burden of proving the administrative decision was either arbitrarily or capriciously entered. The trial court ruled, however, in favor of Dr. Long because the court undertook to redetermine whether treatment given the patient in question by Dr. Long comported with professional standards.

The majority opinion fails to answer appellants' complaint that the judgment by the trial court evidences a failure to employ

the correct standard of review. Instead, the majority opinion falls into the same error as did the trial judge and affirms the decision on the ground that substantial evidence supports the finding that there was no impropriety in Dr. Long's treatment of the patient. Under § 536.150, however, that was not the issue under review. The question to be addressed was whether the board's action was lawful and that, as the trial judge first announced, limited the inquiry to a determination of whether the board acted arbitrarily or capriciously. From this record, it is abundantly clear Dr. Long failed to adduce any evidence that the hospital board acted arbitrarily or capriciously in imposing discipline.

There is a marked distinction between this case and *Phipps v. School District of Kansas City, supra,* on which the majority opinion relies. In *Phipps,* the complainant sought to enforce an existing right to employment reinstatement under an agreement existing between the school board and the teacher's union of which Phipps was a beneficiary. *Phipps* is not controlling, first because no statute conferred sole discretion on the school board with respect to its administrative decision and, second, because Dr. Long did not claim entitlement to a right, as did Phipps.

In the present case, the entitlement of Dr. Long to admit patients to the Bates County Hospital is a privilege, not a right. The hospital trustees are charged by statute with exercising their discretion in the matter of composition of the hospital medical staff and grant or withhold the privilege at the board's discretion. Moreover, as the supreme authority in hospital affairs, the board has the sole discretion to grant or withhold staff privileges. Little practical appreciation of the subject is required to comprehend the sound basis for limiting judicial intrusion into the accreditation of physicians at hospitals.

It is significant to note that Dr. Long has made no complaint of any denial by the trustees of an opportunity for him, at the time, to have presented his version of the incident. Indeed, Dr. Long himself sat as a member of the hospital credentials committee which filed its report with the trustees. The record disclosed that it was only after the suspension was ordered that Dr. Long and his attorney met privately with the patient who had protested the involuntary administration of the test and secured the patient's testimony that Dr. Long had acted properly in prescribing and administering the sedative. There can be no doubt that the facts presented to the trial court were markedly different from those on which the trustees based their administrative action.

The effect of the majority opinion is that administrators entrusted by the legislature with sole discretion to act may no longer rely on that authority lawfully exercised. Instead, there is substituted a post hoc judicial review in which the court independently exercises its discretion potentially reaching a decision on evidence widely divergent from the facts on which the administrative decision was based. The statutes are thus completely emasculated.

The present case falls squarely within the directive of § 536.150.1 that the lawful exercise of discretion solely committed by law to the administrative body shall not be disturbed. This is not to say that judicial review is precluded. If here, Dr. Long were able to show the suspension of his privileges at the Bates County Hospital was imposed arbitrarily or capriciously or was in any other manner unlawful, the court is empowered to grant relief. But that was not the evidence. Instead, the trial judge substituted his discretion for that of the board in passing on Dr. Long's professional conduct and in so doing, exceeded the review authority defined by § 536.150.

For the foregoing reasons, I would reverse the judgment and order the injunction quashed.