Lillie Belle DARDEN, Appellant,

v.

The BOARD OF TRUSTEES OF the PUBLIC SCHOOL RETIREMENT SYSTEM OF the SCHOOL DISTRICT OF KANSAS CITY, Missouri, and Geraldine Darden, Respondents.

No. WD 35539.

Missouri Court of Appeals, Western District.

Nov. 6, 1984.

Byron Neal Fox, Kansas City, for appellant.

Shirley W. Keeler of Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, for the Retirement System.

Clifford Spottsville, Kansas City, for Geraldine Darden.

Before TURNAGE, C.J., and SHANGLER and MANFORD, JJ.

MANFORD, Judge.

This is a direct appeal from a judgment of the circuit court which, the entry thereof, affirmed an administrative decision determining the beneficiary of certain retirement and death benefits. The judgment is affirmed.

A sole point is presented, which in summary charges that the trial court erred in entering a judgment to the favor of respondents because the administrative decision was erroneous, unreasonable, and contrary to the overwhelming weight of the evidence and therefore said decision was not supported by competent and substantial evidence upon the whole record.

The facts as summarized are as follows, and they are undisputed between the parties.

Appellant, Lillie Belle Darden (hereinafter Lillie) was the former wife of Lawrence Darden (hereinafter Lawrence). Lillie and Lawrence were husband and wife until their marriage was dissolved on February 14, 1979. On May 26, 1979, Lawrence married respondent Geraldine (hereinafter Geraldine). Lawrence was employed as a teacher for and within the Kansas City, Missouri School District. He commenced that employment status on February 18, 1970. On February 18, 1970, Lawrence executed a "beneficiary card" advising the Retirement System of the Kansas City School District that his designated beneficiary was Lillie. This card remained on file until Lawrence's death on January 9, 1980.

On October 1, 1979, Lawrence wrote to the Retirement System, requesting a retirement blank. On October 24, 1979, the System received an application from Lawrence for service retirement. This application re-

quested that Geraldine be appointed beneficiary for retirement purposes. On November 7, 1979, the System approved Lawrence Darden's application for disability retirement. Subsequently, Lawrence requested that his disability retirement not become effective until he had used his accumulated sick leave. This request was granted. He was paid by the school district up until the time of his death, because his accumulated sick leave had not been exhausted. Thus, at the time of his death, he had not begun to receive any monthly disability retirement allowance.

Following Lawrence's death, Lillie and Geraldine made claims to the retirement benefits accumulated to the credit of the deceased, Lawrence Darden. Geraldine's claim was based upon her status as the widow of Lawrence Darden. She presented her claim, supported by the application filed by Lawrence Darden some 2½ months prior to his death. This form designated Geraldine as his wife and as his beneficiary. Lillie's claim was based upon the original beneficiary card completed on September 18, 1970 which designated Lillie as the beneficiary of Lawrence Darden. This card, like the one supporting Geraldine's claim, was on file with the school district's personnel office.

Upon the advice of counsel, the Retirement System filed a declaratory judgment action and evidence was submitted in that action. The court's jurisdiction to entertain such a declaratory judgment action was questioned by Lillie because § 169.291, RSMo 1978 vests original jurisdiction of such matters in the Retirement Board of the Retirement System. The declaratory judgment action was dismissed.

At the time these events were taking place, there were no statutory provisions for a hearing before the Board of Trustees to resolve conflicting claims to benefits. The Retirement System, in the attempt to resolve the matter, appointed a hearing officer to gather the facts and to submit a recommendation regarding the appropriate beneficiary. A record was compiled. Both parties were afforded opportunity to sub-

mit anything additional, but both parties declined the offer. This record was submitted to the Board of Trustees, along with suggested findings prepared by the hearing officer. There has never been any challenge to this procedure by any of the parties. The Board of Trustees entered its decision designating Geraldine as the beneficiary of benefits of the late Lawrence Darden. Lillie filed a petition for review. The circuit court entered judgment against Lillie and this appeal followed.

Before addressing the specifics of the issue presented on this appeal, it is thought advisable to point out certain basic principles applicable to appellate review of such proceedings.

There is no statutory requisite (concerning the determination of beneficiaries to retirement benefits) that a hearing be held, thus pursuant to Chapter 536, RSMo 1978, the decision of the Board of Trustees is a final decision of that agency and is denominated an uncontested case. *State ex rel. Wilson Chevrolet, Inc. v. Wilson*, 332 S.W.2d 867 (Mo.1960). Due to this particular status, the circuit court was authorized to take additional evidence and consider the matter de novo. *Phipps v. School District of Kansas City*, 645 S.W.2d 91 (Mo.App. 1982), *Long v. Bates County Memorial Hospital*, 667 S.W.2d 419 (Mo.App.1983). The parties herein agreed that no additional evidence was necessary and the circuit court secured no additional evidence.

As to the standard of review to be applied and followed by this court in the review of such agency proceedings and decisions, this court is to uphold the agency decision unless that decision is not supported by substantial evidence, is arbitrary and capricious, or is not authorized by law. This court is not authorized to substitute its judgment for that of the agency relative to matters of discretion vested in the agency. *Ross v. Robb*, 662 S.W.2d 257 (Mo. banc 1983), *Mead Products v. Industrial Commission of Missouri*, 656 S.W.2d 805 (Mo.App.1983), *Fleming Foods of Missouri, Inc. v. Runyan*, 634 S.W.2d 183 (Mo. banc 1982). It is to be noted that appellate

review in contested versus non-contested agency matters differs, see *Long, supra,* and the net effect herein is the same due to the disposition by the circuit court.

Lillie's argument asserts that at the time of his death, Lawrence was an "active employee". Lillie reaches that conclusion because Lawrence had not, by the date of his death, exhausted all of his sick leave. From this, Lillie then concludes further that the beneficiary card executed by Lawrence on September 18, 1970 controls and hence she (Lillie) is the beneficiary entitled to the claimed benefits.

In support of her assertion, Lillie directs this court's attention to § 169.322, RSMo 1978, and from that statutory reference, Lillie concludes that "since he (Lawrence Darden) was receiving compensation from the School District, he could *not* receive retirement benefits." What § 169.322 specifically says on this question is, "The first monthly payment of such ordinary disability retirement allowance shall not be made to such member so long as he receives compensation from the school district or the retirement system."

Lillie then directs this court's attention to § 169.310, RSMo 1978, and this court is at a loss to determine why, since that section addressed the qualifications and terms of retirement board trustees. This section was also repealed in 1982.

Lillie then further asserts that the evidence shows the *intent* of Lawrence Darden to remain an "active employee" until the exhaustion of his accumulated sick leave. Lillie argues that this distinction is vital because of the procedure involved in the designation of beneficiaries before retirement as compared with those applicable after retirement in the event of death before and after retirement. Lillie refers this court to the "Retirement Facts" booklet provided to members. Specific attention is directed to the following phrase within the booklet, which reads:

"If you are eligible to retire but die in active service, the Retirement System will pay in a lump sum to the designated beneficiary(ies) or your estate a sum which consists of your contributions with interest ... Members are urged to file a new beneficiary card whenever the situation makes the old card out of date."

Thus, Lillie again concludes that the original beneficiary card controls.

■■■ Lillie further directs this court to various statutory sections, to wit, §§ 169.- 328, 169.350.1(3), 169.324, and 169.326, RSMo 1978. She concludes from these citations that "[d]ifferent statutes authorize payment from different funds, with different payment options." This court cannot disagree with her conclusion, but a reading of those reference statutes does not disclose, contrary to her assertion, nor exclusively direct, how a beneficiary is to be ascertained, nor do any of these same statutes mandate how a dispute between contesting beneficiaries is to be determined. The statutes merely outline the retirement allowance, optional plans, and the return of accumulated contributions to members, and provide for the holding of the funds, their disbursement, and deductions. It is true that the aforesaid statutes reference payment to designated beneficiaries. The same statutes do not go beyond that purpose.

It is equally correct, as Lillie contends, that the 1970 beneficiary card was still on file and the instructions to members included the urging to change the cards when personal circumstances warranted such change.

None of these above factors is controlling in the final determination of who the beneficiary entitled to the benefits will be if there be other factors attending to the particular facts and circumstances of any given situation. Stated another way, in the absence of conflicting claims by two or more persons claiming to be beneficiaries, obviously the card (the 1970 card) would control and the above-referenced statutes would prescribe payment, etc.

What is presented in the instant case is a set of particular circumstances from which the Board is requested to make a determination relative to the entitled beneficiary.

Thus, the particular circumstances of the instant case cause the entire matter to be placed before the Board for determination.

The Board takes the position that Lawrence Darden was *not an active* employee, but rather, was a retiree on disability to whom benefits were being withheld until he had exhausted his sick benefits. It can be determined from the record that Lawrence Darden had, in fact, ceased active job or employment duties. So only in the too-narrow sense of "active employee" claimed by Lillie could he have in any manner been considered an "active employee." Lillie's contention that Lawrence Darden remained an "active employee" simply because he was receiving sick benefits and thus could not receive retirement benefits is a definition resting only upon his source of monies received and excludes any other factor which might be included within the definition of an "active employee." Lillie's definition is much too narrow.

In addition, the Board contends that it was within its discretion to decide that Geraldine was the intended beneficiary without regard to whether Lawrence Darden was an "active employee" or a "retired employee" at the time of his death. The Board proceeds further to point out other facts which the Board deems supportive of its decision.

The Board argues to the contrary, that § 169.350.1(3) does not designate or direct the naming or changing of beneficiaries. As this court mentioned above, this is the conclusion reached by this court and as a result, this court agrees with the Board. The Board also points out that by official Board action, Lawrence Darden had been designated a "retiree." The Board points out still further that Lawrence and Lillie had been divorced and Lawrence subsequently married Geraldine. The Board points out that Lawrence Darden had indicated his intention and desire in writing to name Geraldine his beneficiary. The Board points out that there is nothing in the evidence which shows that it has ever enacted any mandatory provision that a member could effect a change of beneficiary by only going to the personnel office of the School District and physically or manually changing the card which was filled out at the time of original employment. The information booklet merely urges members to effect a change upon a change of personal circumstances.

When this case is reviewed in its entirety and upon the particular facts and circumstances, and then that review is conducted in line with the rules prescribed in *Ross*, *Mead*, *Fleming*, and *Long*, the following conclusions must be reached.

This is an uncontested case wherein the parties elected not to present any additional evidence to the circuit court. It is also a case involving the discretion of the Board as the designated agency. The evidence upon this record is competent and substantial to support the Board's decision. There is nothing within the statutory framework prescribing retirement for public school district employees that mandates the procedure for beneficiary designation. There is nothing within the statutory framework which defines an "active employee" as simply one who is drawing monies from the district. The statutes do prohibit an "active employee" from drawing benefits at the same time he or she is an active employee. There is nothing within the statutory framework which prohibits the Board from having designated Lawrence Darden as a "retiree to whom benefits would or could not be paid until he had exhausted his accumulated sick benefits."

This court is prohibited from substituting its judgment for that of the Board. The decision entered herein by the Board was within its discretion and is based upon competent and substantial evidence.

The judgment is affirmed.

All concur.