**Thomas WRENN, Appellant,**

v.

**CITY OF KANSAS CITY,
Missouri, Respondent.**

No. WD 50478.

Missouri Court of Appeals,
Western District.

Aug. 22, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 3, 1995.

Application to Transfer Denied
Nov. 21, 1995.

Edward L. Pendleton, Kansas City, for appellant.

Kathleen A. Hauser, City Atty., Walter J. O'Toole, Asst. City Atty., Kansas City, for respondent.

Before FENNER, C.J., and BRECKENRIDGE and SPINDEN, JJ.

BRECKENRIDGE, Judge.

Dr. Thomas Wrenn appeals from an order denying his petition for injunctive relief by which he sought to prevent the demolition of commercial property he owns. He also appeals the denial of his motion for recusal of all judges of the 16th Judicial Circuit and appointment of a judge from a different circuit to hear his petition for injunctive relief.

The appeal is dismissed.

On June 17, 1992, in response to a complaint from a neighbor, the City of Kansas City, Missouri ("City"), sent Dr. Wrenn a Warning of Alleged Violation, informing him that a commercial building which he owned was to be inspected for reported violations of the City's nuisance ordinance. A City building inspector conducted the inspection and concluded that the building was a dangerous building and a public nuisance as defined by Chapter 20 of the City's Code of General Ordinances (the "Code"). Consequently, on August 10, 1993, the inspector sent a Declaration of Nuisance to Dr. Wrenn, informing him that he needed to make preparations to either repair or demolish the building.

On October 6, 1993, a hearing was held to determine whether the building was a dangerous building as defined by Chapter 20 of the Code. On October 8, 1993, the City

issued findings of fact which concluded that the building was unsafe and a nuisance, and the City issued an accompanying order that the building be demolished. On October 13, 1993, Dr. Wrenn appealed this order to the Property Maintenance Appeals Board (the "Board"). The Board conducted a hearing on December 9, 1993 to consider the appeal. On the same date, the Board issued written findings of fact and conclusions of law affirming the City's order of October 8, 1993, and returning the case to the City for enforcement.

Eleven months later, on November 23, 1994, Dr. Wrenn filed a petition seeking a temporary restraining order, a preliminary injunction, and a permanent injunction to prevent the City from demolishing the building. On November 28, 1994, the trial court issued a temporary restraining order preventing the demolition of the building. Then, in an order entered on December 8, 1994, the trial court extended the temporary restraining order until December 23, 1994.

The December 8th order stated that the parties would meet at the building on the 23rd of December to determine if a secure fence had been placed around the structure, if trash had been removed from the interior and exterior of the building, if all points of entry into the building had been boarded up, and if Dr. Wrenn had submitted financial and architectural/engineering plans for repairs to the building. During the inspection of the building on December 23, 1994, the trial judge, H. Michael Coburn, fell into an open elevator shaft in the floor of the building and was fatally injured.

On December 28, 1994, Dr. Wrenn filed a request for a hearing on his petition for injunctive relief. On December 30, 1994, the day of the hearing, Dr. Wrenn filed a request for recusal of all the judges of the 16th Judicial Circuit, claiming that it would be difficult for any judge of said circuit to hear the case "without the implication or semblance of partiality" in light of Judge Coburn's death in the building. Dr. Wrenn's request for recusal was denied, and Judge

Lee E. Wells of the 16th Judicial Circuit presided over the hearing.

Following the hearing, the trial court entered an order denying Dr. Wrenn's petition for a preliminary and permanent injunction. The trial court also overruled Dr. Wrenn's motion to extend the temporary restraining order entered on November 28, 1994, and found that the temporary restraining order had expired. Accordingly, the trial court ruled that the City could proceed with the demolition of the property.

■ On appeal, Dr. Wrenn claims that the trial court's denial of his petition for injunctive relief was unsupported by the evidence, and that the trial court erred by denying his motion for recusal. It is unnecessary for this court to address the merits of Dr. Wrenn's points on appeal, because Dr. Wrenn failed to follow the statutory procedure provided by the legislature for seeking relief from administrative decisions. This is a jurisdictional matter which this court must consider, *sua sponte* if necessary, prior to any discussion of the substantive issues raised. *American Hog Company v. County of Clinton*, 495 S.W.2d 123, 125 (Mo.App.1973). *See also Ackerman v. City of Creve Coeur*, 553 S.W.2d 490, 491 (Mo.App.1977).

■ Actions which are delegated by a municipality to a board or retained to itself to enforce an ordinance are administrative and are reviewable under the Missouri Administrative Procedure Act, Chapter 536, RSMo 1994 (the "Act").[1] *Temple Stephens Co. v. Westenhaver*, 776 S.W.2d 438, 440 (Mo. App.1989). As noted by this court in *Reynolds v. City of Independence*, 693 S.W.2d 129, 131 (Mo.App.1985), a party aggrieved by such an administrative decision has a choice between two distinct mechanisms for relief under Chapter 536. If the decision occurs in the context of a contested case, it is subject to judicial review under § 536.100. *Id.* If the decision occurs in the context of an uncontested case, it is subject to judicial review by way of injunction, certiorari, mandamus, or other remedy pursuant to § 536.150. *Id.*

1. All statutory citations are to the Revised Statutes of Missouri 1994, unless otherwise indicated.

When applied here, these principles mean that if the Board's decision occurred in the context of an uncontested case, then Dr. Wrenn's petition for injunctive relief would have been consistent with the procedures for judicial review afforded by § 536.150. However, if the Board's decision occurred in the context of a contested case, then the Act provided a procedure for judicial review under § 536.110, a procedure which Dr. Wrenn failed to pursue. Therefore, it is necessary to determine whether the City's action constituted a contested or uncontested case.

■■■ Section 536.010(2) of the Act defines a contested case as "a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after a hearing." In order to constitute a contested case, a proceeding must be contested because of some requirement by statute, municipal charter, ordinance, or constitutional provision for a hearing of which a record must be made unless waived.[2] *State v. Jensen,* 318 S.W.2d 353, 356 (Mo. banc 1958). The hearing requirement here is imposed by Section 20.74 of the Code, which charges the Board with the responsibility of conducting hearings that must be suitably recorded.[3]

■■ Section 67.430.1 provides that, if the hearing required by a city's nuisance or dangerous buildings ordinance maintains a proper record, then the ordinance is to provide for judicial review of the administrative decision as a contested case pursuant to § 536.100.[4] Such a hearing record exists in the case at bar;[5] therefore, § 67.430 would

indicate that this case is a contested case subject to judicial review pursuant to § 536.100.

In *Hagely v. Board of Educ.,* 841 S.W.2d 663, 668 (Mo. banc 1992), the Missouri Supreme Court enumerated a series of procedural formalities which must accompany a hearing in order for the underlying proceeding to qualify as a contested case:

In a contested case, the agency must provide notice to all necessary parties. § 536.067. At the hearing, oral evidence must be taken on oath or affirmation; the parties may call and examine witnesses, introduce exhibits, cross-examine opposing witnesses, impeach any witness, and rebut the evidence; a record of the proceedings must be made and preserved; and evidentiary rules must be followed. § 536.070. Depositions may be taken, subpoenas may be issued, and briefs may be filed. §§ 536.073, RSMo Supp.1991; 536.077, 536.080. Decisions must be in writing and must include findings of fact and conclusions of law. § 536.090.

Here, there is an audiotaped record of the December 9, 1993 hearing before the Board, and that record reveals that all witnesses were sworn in before testifying, that the parties presented witnesses and introduced exhibits, that Dr. Wrenn had the opportunity to cross-examine opposing witnesses, and that evidentiary rules were followed. In addition, the written record reveals that the Board's decision included findings of fact and conclusions of law.

---

**2.** In *Hagely v. Board of Educ.,* 841 S.W.2d 663, 668 (Mo. banc 1992), the Missouri Supreme Court suggested, without holding, that this list was not meant to be understood as including all the types of law from which a hearing requirement may be derived.

**3.** At the time of the events described in the statement of facts in this case, the Property Maintenance Code was contained in Chapter 20 of the Code of General Ordinances. The Property Maintenance Code is now contained in Chapter 56 of the Code of General Ordinances, effective January 1, 1995. This court may take judicial notice of Chapter 20 of the Code, as the Board's own written findings and order expressly state that Chapter 20 was before the Board at its December 9, 1993 hearing. *Bartholomew v.*

*Board of Zoning Adjustment,* 307 S.W.2d 730, 732 (Mo.App.1957).

**4.** Section 20.75 of the Property Maintenance Code provides for judicial review of the administrative decisions of the Property Maintenance Appeals Board.

**5.** Pursuant to Rule 81.12(e), this court has supplemented the record on appeal with the audiotaped recording of the December 9, 1993 hearing before the Board. This court may take judicial notice of that prior proceeding because the facts to be noticed appear with such certainty that controversy is unlikely, and because the proceeding is clearly interconnected with this one. *Mince v. Mince,* 481 S.W.2d 610, 614 (Mo.App. 1972).

In a more recent case, the Supreme Court has suggested that it may have "painted with too broad a brush" when, in *Hagely,* it held that a hearing in a contested case *must* include specific procedural formalities since procedural requirements before final judgment can be waived. *Weber v. Firemen's Retirement System,* 872 S.W.2d 477, 480 (Mo. banc 1994). To the extent that the existence of procedural formalities remains a meaningful factor in determining the existence of a contested case, the December 9, 1993 hearing here included sufficient procedural formalities to satisfy *Hagely.*

■ Because the proceeding before the Board was a contested case, the Board's decision was subject to judicial review pursuant to § 536.100. In order to obtain judicial review under § 536.100, a petition must be filed within thirty days after the mailing or delivery of notice of the agency's final decision. § 536.110. This Dr. Wrenn failed to do. Instead, nearly one year later, he filed a petition for injunctive relief to prevent the City from carrying out the demolition order which had been affirmed on administrative appeal by the Board.

In essence, Dr. Wrenn's petition for injunctive relief was an attempt to seek review of the demolition order by "injunction, certiorari, mandamus, prohibition, or other appropriate action" as provided by § 536.150, which governs the review of uncontested cases. A similar attempt was made in *Atkins v. Department of Bldg. Reg., Etc.,* 596 S.W.2d 426 (Mo.1980). In *Atkins,* the City of Springfield's Department of Building Regulations ordered, after a hearing, that a building owned by Burl W. and Pansy Atkins was to be repaired or demolished because it was a public nuisance. The order was issued in the context of a contested case, and the Atkins failed to appeal the order within thirty days as provided by § 536.110. Instead, approximately six months later, they filed a petition for injunctive relief pursuant to § 536.150. The Missouri Supreme Court held that compliance with the thirty-day deadline in § 536.110 was a jurisdictional prerequisite to judicial review. *Atkins,* 596 S.W.2d at 435.

Another similar case is *State ex rel. Dodson v. McNeal,* 552 S.W.2d 34 (Mo.App.1977).

In *McNeal,* a police officer challenged a decision of the St. Louis Board of Police Commissioners rendered in the context of a contested case. However, the officer did not file an appeal from the decision within the thirty-day deadline provided by § 536.110. Instead, the officer filed a mandamus action nearly two years after the decision. The *McNeal* court held that, because the officer "failed to make timely use of the appellate review provision, § 536.110(1) ... the circuit court had no jurisdiction to grant mandamus." *McNeal,* 552 S.W.2d at 36.

■ The rationale for such decisions is explained by the Missouri Supreme Court in *Randles v. Schaffner,* 485 S.W.2d 1, 2–3 (Mo. 1972):

Although Article V, Section 22 of the Constitution of Missouri guarantees the right to judicial review of administrative decisions, the legislature is authorized to, and did, provide a method of review by designating the court and the time within which such review should be sought. Such procedure having been established, failure to comply with the statute is jurisdictional. Although the court may be a court of general jurisdiction, when it is engaged in the exercise of a special statutory power its jurisdiction is limited by such statutory power.

(Citations omitted). A failure to comply with the statutory provisions regarding judicial review of administrative decisions deprives the trial court of subject matter jurisdiction, and this lack of jurisdiction may be raised for the first time on appeal. *Id.*

Because the trial court lacked jurisdiction to consider Dr. Wrenn's petition, this court lacks jurisdiction as well. Consequently, Dr. Wrenn's appeal is dismissed, and the findings of the Board must stand. *Rackley v. Firemen's Retirement System,* 848 S.W.2d 26, 29 (Mo.App.1993).

All concur.