Dennis WEISENBURGER, Appellant,

v.

The CITY OF ST. JOSEPH, Missouri, A Municipal Corporation, Respondent.

No. WD 58457.

Missouri Court of Appeals, Western District.

May 7, 2001.

Motion for Transfer to Supreme Court Denied July 3, 2001.

Application for Transfer Denied Aug. 21, 2001.

Dennis Weisenburger, pro se.

Lisa M. Robertson, Brian W. Head, Timothy J. Kissock, St. Joseph, for respondent.

Before NEWTON, P.J., ELLIS and HOLLIGER, JJ.

NEWTON, Judge.

## BACKGROUND

In January 1998, the City of St. Joseph, Missouri, ("City") in an administrative condemnation hearing, found that the structures on property owned and controlled by Dennis Weisenburger ("Mr.Weisenburger") were dangerous. The City agreed to work with Mr. Weisenburger and entered into an agreement whereby he would have two years to demolish the structures. The City, however, explicitly reserved the right to exercise its option to demolish the buildings if they showed signs of further deterioration or safety problems. In December 1998, the City initiated a court action to demolish the structures after they continued to decay and deteriorate. At that time, the Buchanan County Circuit Court refused to entertain the action, claiming a lack of jurisdiction among other reasons. The City then conducted a second administrative condemnation hearing in April 1999. At that hearing, the structures were again determined to be dangerous, and the City's chief building official issued a demolition order against the property.

Mr. Weisenburger filed a Petition for Review pursuant to § 536.110 [1] and under Sec. 7–362 of the St. Joseph Code. After a hearing to review the administrative record, the Buchanan County Circuit Court, on March 27, 2000, affirmed the determination made by the City following its administrative condemnation hearing, wherein the City concluded that Mr. Weisenburger's buildings located at 5000–5006 King Hill Avenue and 108–112 West

Missouri Avenue in St. Joseph, Missouri, were "dangerous buildings" as defined by the St. Joseph City Code. The circuit court further found that Mr. Weisenburger himself admitted at the hearing that the buildings in question were dangerous.[2]

This court dismissed the instant appeal on August 1, 2000, for failure to prosecute. On August 11, 2000, the appeal was reinstated. Mr. Weisenburger's brief was stricken on October 27, 2000, for failure to comply with Rule 84.04,[3] and he was provided with a copy of Rule 84.04 and given an opportunity to file an amended brief correcting the defects. On November 15, we ordered the City to temporarily stay its demolition of Mr. Weisenburger's structures pending his posting of the supersedeas bond, which was posted. Mr. Weisenburger filed his amended brief on December 5, 2000. The City filed its brief on January 3, 2001. Mr. Weisenburger's reply brief, denominated "Brief of Appellant/Plaintiff," was filed on January 18, 2001.

## LEGAL ANALYSIS

Mr. Weisenburger appeals to this court *pro se*. Because *pro se* appellants are held to the same standards as attorneys, they must comply with the Missouri Supreme Court rules.[4] "It is well settled that: '[c]ompliance with Rule 84.04 briefing requirements is mandatory....' "[5] Although we appreciate the difficulties faced by *pro se* litigants, we will not give them preferential treatment because we cannot relax our standards for

---

1. Unless otherwise indicated, all statutory references are to RSMo.1994.

2. On page 5 of his amended brief, Mr. Weisenburger even describes one of his buildings as "an eye sore [that] needs to be demolished."

3. All rule references are to Missouri Court Rules (2001).

4. *In re Marriage of Gerhard,* 34 S.W.3d 305, 308 (Mo.App. S.D.2001).

5. *Franklin v. Ventura,* 32 S.W.3d 801, 803 (Mo.App. W.D.2000).

non-lawyers.[6] Hence, Mr. Weisenburger's substantial noncompliance with Rule 84.04 makes his appeal unreviewable.

Mr. Weisenburger's points relied on read substantially as follows:[7]

The City of St. Joseph, Missouri erred because they did not file a timely appeal from [the] Administrative Condemnation Hearing; [citing § 536.110; St. Joseph Municipal Code 7–21; *Wrenn v. Kansas City,* 908 S.W.2d 747 (Mo.App. W.D. 1995) ].

(2) The City of St. Joseph, Missouri erred because they failed to maintain good records at the Condemnation Hearing on January 28, 1998, case number 1773. The records were not verbatim[,] and the objection made by Respondent/Appellant, [sic] Dennis Weisenburger, was sustained in the Buchanan County Circuit Court, CV398–3802CC. Therefore, the City of St. Joseph, Missouri was not in compliance with [§ ] 536.070. The minutes were not entered in the Supplemental Legal File.

(3) The Buchanan County Circuit Court erred, because the court did not have jurisdiction to hear CV398–3802CC, due to the fact that the City of St. Joseph, Missouri[,] did not file a timely appeal after the Administrative Hearing; [citing § 536.110; St. Joseph Municipal Code 7–21; *Wrenn v. Kansas City,* 908 S.W.2d 747 (Mo.App. W.D.1995) ].

(4) On April 21, 1999[,] the City of St. Joseph, Missouri[,] held the Administrative Condemnation Hearing, case number 1773. The City of St. Joseph, Missouri erred, due to lack of jurisdiction, to hear the case[,] which had not been appealed by the City of St. Joseph, Missouri, either properly. nor timely [sic]; [citing § 536.110; St. Joseph Municipal Code 7–21; *Wrenn v. Kansas City,* 908 S.W.2d 747 (Mo.App. W.D.1995) ].

(5) The Buchanan County Circuit Court erred, due to lack of jurisdiction, in allowing the hearing of the trail [sic] denovo [sic], CV399–1583, since the Administrative Hearing, heard on January 28, 1998, lacked timely filing of an appeal; [citing § 536.110; St. Joseph Municipal Code 7–21; *Wrenn v. Kansas City,* 908 S.W.2d 747 (Mo.App. W.D.1995) ].

(6) [The] Buchanan County Circuit Court erred in entering a Determination in CV399–1583CC, on March 13, 2000, because the court entered judgement [sic] without the minutes of the Administrative Condemnation Hearing or pertinent audio taped [sic] recorded records; [citing § 536.070]. The verdict was the result of speculation and conjecture. [citing *Barber v. M.F.A. Milling Company,* 536 S.W.2d 208, 209 (Mo.App.1976) ].

▆▆▆ "A 'contested case' means a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing."[8] Mr. Weisenburger had a right to a hearing pursuant to Sec. 7–354(3) of the St. Joseph Code. The proper standard of review for a contested administrative decision is to "uphold the agency decision unless that decision is not supported by substantial evidence, is arbitrary and capricious, or is not authorized by

---

**6.** *Wilson v. Carnahan,* 25 S.W.3d 664, 667 (Mo.App. W.D.2000).

**7.** To permit an easier understanding of the Points, errors pertaining to grammar, punctuation, and legal citation have been corrected as indicated. Stylistic inconsistencies, however, such as paragraph numbering and spacing, appear as they do in the original.

**8.** *Willamette Indus., Inc. v. Clean Water Comm'n,* 34 S.W.3d 197, 201 (Mo.App. W.D. 2000); 536.010(2).

law." [9] We will not substitute our judgment for that of the agency related to matters of discretion vested in the agency.[10]

■ In his third, fifth, and sixth points, Mr. Weisenburger does not identify the administrative ruling or action that he challenges. Instead, he challenges the actions of the Buchanan County Circuit Court. Rule 84.04(d)(2) governs appellate court review of the decision of an administrative agency and supplies the form for a proper point relied on. The rule provides, in pertinent part, that each point *shall:*

(A) identify the administrative ruling or action the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: "The [*name of agency* ] erred in [*identify the challenged ruling or action* ], because [*state the legal reasons for the claim of reversible error, including the reference to the applicable statute authorizing review* ], in that [*explain why, in the context of the case, the legal reasons support the claim of reversible error* ]."

Because points three, five, and six do not satisfy the requirements of the rule, they preserve nothing for appellate review, and we decline to address them.[11]

■ Likewise, points one and two fail to comply with Rule 84.04. His first point fails because it is an abstract statement of law, which, standing alone, does not comply with Rule 84.04(d)(4). The second and fourth points are simply incoherent. If we attempted to interpret them, we would be forced to act as an advocate for Mr. Weisenburger. This we cannot do.[12]

Furthermore, nowhere in his brief has Mr. Weisenburger apprised this court of the applicable standard of review for any of his points.[13] More importantly, his arguments are devoid of any legal analysis whatsoever: [14]

POINT NO. 1 The City of St. Joseph, Missouri[,] erred because they did not file a timely appeal from the Administrative Condemnation Hearing; [citing § 536.110; St. Joseph Municipal Code 7–21; *Wrenn v. Kansas City,* 908 S.W.2d 747 (Mo.App. W.D.1995) ]. The City of St. Joseph held an Administrative Condemnation Hearing on January 28, 1998. Evelyn Shields acted as the hearing officer in case number 1773. The Appellant's buildings, located at 5000 through 5006 King Hill Avenue and 108 through 112 West Missouri Avenue,

9. *Darden v. Bd. of Trs. of Pub. Sch. Ret. Sys. of Sch. Dist. of Kansas City,* 680 S.W.2d 755, 757 (Mo.App. W.D.1984).

10. *Id.* (citing *Ross v. Robb,* 662 S.W.2d 257 (Mo. banc 1983), *Mead Prod. v. Indus. Comm'n of Missouri,* 656 S.W.2d 805 (Mo. App. W.D.1983), *Fleming Foods of Missouri, Inc. v. Runyan,* 634 S.W.2d 183 (Mo. banc 1982)).

11. *See Carroll v. AAA Bail Bonds,* 6 S.W.3d 215, 217–18 (Mo.App. S.D.1999).

12. *See id.* at 218.

13. Rule 84.04(e) provides, in relevant part, "[t]he argument shall also include a concise statement of the applicable standard of review for each claim of error." *See Christomos v. Holiday Inn Branson,* 26 S.W.3d 485, 487 (Mo.App. S.D.2000).

14. To permit an easier understanding, errors pertaining to grammar, punctuation, and legal citation have been corrected. Stylistic inconsistencies, however, such as paragraph numbering and spacing, appear as they do in the original.

St. Joseph, Missouri[,] were the buildings at issue. The City and the Appellant both thought an agreement had been reached, wherein the Appellant had two years to build a new building on a new location, to remove the merchandise located in the collapsed building[,] and to demolish the collapsed building; said agreement was in writing. Neither party appealed this case.

POINT NO. 2. The City of St. Joseph, Missouri[,] erred because they failed to maintain good records at the Condemnation Hearing on January 28, 1998, case number 1773. The records were not verbatim and the objection made by Respondent/Appellant, Dennis Weisenburger, was sustained in the Buchanan County Circuit Court, CV398–3802CC. The hearing was a contested case in which a record of the proceedings was required to be kept. Therefore, the City of St. Joseph was not in compliance with [§ 536.070]. The minutes were not entered in the Supplemental Legal File.

\* \* \*

POINT NO. 4. On April 21, 1999 the City of St. Joseph, Missouri[,] held an Administrative Condemnation Hearing, case number 1773. Kenny Neville acted as Administrative Hearing Officer. The City of St. Joseph, Missouri[,] erred, due to lack of jurisdiction, to hear the case[,] which had not been appealed by the City of St. Joseph, Missouri, either [sic] properly nor timely; [citing § 536.110; St. Joseph Municipal Code 7–21; *Wrenn v.*

*Kansas City*, 908 S.W.2d 747 (Mo.App. W.D.1995) ].

As per the references cited above, the party in which the Judge ruled against, must file an appeal within thirty days (timely) from the time the Judge entered the Order. The City of St. Joseph did not file any pleadings regarding this case[,] and[,] therefore, the Court had already resolved the issues[,] and no further action could be taken concerning these matters.

■■ "An argument should show how the principles of law and the facts of the case interact."[15] "An appellant must develop the contention raised in the point relied on in the argument section of the brief."[16] Arguments raised in the points relied on that are not supported by argument in the argument portion of the brief are deemed abandoned and present nothing for appellate review.[17] The argument portions in support of Mr. Weisenburger's first, second, and fourth points do not show how the principles of law and the facts of the case interact, and, as such, do nothing to develop the contentions raised in those points. Accordingly, Mr. Weisenburger's first, second, and fourth points are not supported by argument, are deemed abandoned, and preserve nothing for appellate review.[18]

We find that Mr. Weisenburger's failure to comply with Rule 84.04 is dispositive, and there is no need to address any of his points to any greater extent. However, even if his claims were properly briefed, they would nonetheless be without merit

---

15. *Christomos*, 26 S.W.3d at 487.

16. *Luft v. Schoenhoff*, 935 S.W.2d 685, 687 (Mo.App. E.D.1996).

17. *Id.*

18. Moreover, the appellant's reply brief likewise violates Rule 84.04(g), which provides

that an "appellant *may* file a reply brief but *shall not* reargue points covered in the appellant's initial brief." Rule 84.04(g) (emphasis added). Appellant's reply brief is simply a rehashing of his initial brief, and, as such, we refuse to address Mr. Weisenburger's reply brief.

because the agency's decision is supported by substantial evidence, is neither arbitrary nor capricious, and is authorized by law.

## CONCLUSION

 Where the appellate brief in a civil case violates the requirements of Rule 84.04, appellate courts are not obligated to review an appeal on the merits.[19] In fact, Rule 84.13 provides that "allegations of error not briefed or not properly briefed *shall not* be considered in any civil appeal...."[20] The aforementioned defects in Mr. Weisenburger's brief make appellate review impossible and delay the appellate process. When faced with a defective brief, an appellate court should not become the appellant's advocate by ferreting out facts, reconstructing points, and deciphering arguments.[21] That is the responsibility of the parties and not the function of an appellate court.

> The function of the appellate court is to examine asserted trial court error, not to serve as advocate for any party to an appeal. Where a brief fails to comply with the applicable rules and does not sufficiently advise the court of the contentions asserted and the merit thereof, "the court is left with the dilemma of deciding that case (and possibly establishing precedent for future cases) on the basis of inadequate briefing and advocacy or undertaking additional research and briefing to supply the deficiency." Courts should not be asked or expected to assume such a role. In addition to being inherently unfair to the other party on appeal, it is unfair to parties in other cases awaiting disposition because it takes from them appellate time and resources which should be devoted to expeditious resolution of their appeals.[22]

We, therefore, dismiss the appeal for failure to comply with Rule 84.04.

ELLIS and HOLLIGER, Judges, concur.

---

19. *Coleman v. Gilyard,* 969 S.W.2d 271, 273 (Mo.App. W.D.1998).

20. Rule 84.13(a) (emphasis added).

21. *Coleman,* 969 S.W.2d at 274.

22. *Mace v. Daye,* 17 S.W.3d 154, 156 (Mo. App. W.D.2000) (citations omitted).