**Teresa Ann Stege STOVERINK, Plaintiff,**

v.

**James MORGAN, et al., Defendants.**

**Cross-Claim of STATE AUTOMOBILE & CASUALTY UNDERWRITERS, Defendant-Appellant,**

v.

**The SUBSCRIBERS OF THE AUTOMOBILE CLUB INTER-INSURANCE EXCHANGE, Defendant-Respondent.**

**No. 45768.**

Missouri Court of Appeals, Eastern District, Division Two.

Nov. 1, 1983.

---

**744**

Daniel G. Tobben, St. Louis, for defendant-appellant.

Douglas O'Leary, St. Louis, for defendant-respondent.

DOWD, Chief Judge.

Defendant-appellant, State Automobile & Casualty Underwriters, (hereinafter State Auto) appeals from an order overruling its motion for summary judgment on its cross-claim against the Subscribers of the Automobile Club Inter-Insurance Exchange (hereinafter Auto Club) and from a directed verdict entered in favor of defendant, Auto Club.

The facts in the underlying case are as follows: Plaintiff, Teresa Ann Stege Stoverink, was a passenger along with James Arthur Morgan and Mary Schone in a car involved in a one vehicle accident. Mary Schone is the daughter of Kenneth and Agnes Schone who were issued a policy by the Auto Club on the 1964 Oldsmobile involved in the accident.

Plaintiffs, Teresa Stoverink, and her father, Irwin Stege, filed a personal injury suit against Morgan alleging he was driving at the time of the accident. Morgan claimed he was entitled to a defense and indemnity under the Schone's policy issued by defendant, Auto Club. Subsequently, the Auto Club filed a declaratory judgment action in St. Louis County naming Teresa Stoverink, her father Irwin Stege, James Morgan, and Mary Schone as defendants. Stoverink's insurer, State Auto, was not a named defendant in this action. Said petition sought a determination as to whether James Morgan or Mary Schone was driving the automobile at the time of the accident in question and if Morgan was driving whether he was covered under the policy issued by the Auto Club. A jury determined Morgan was in fact the driver and the court thereafter determined the Auto Club's policy did not afford him coverage. Defendants filed motions for a new trial which were denied and the judgment was not appealed. Plaintiffs joined State Auto contending they were entitled to recover under their uninsured motorist provision since Morgan had been determined to be an uninsured motorist. Plaintiffs were awarded a total of $75,500.00. Judgment was entered in favor of Stoverink against State Auto for $30,000.00, the amount of its unin-

sured motorist coverage, which was the subject of State Auto's cross-claim against defendant, Auto Club. This cross-claim was severed and tried in subsequent proceedings where State Auto's motion for summary judgment was overruled. At this trial, both parties entered into several stipulations including the judgment for $30,000.00 paid to plaintiff, Stoverink, by State Auto. State Auto also offered into evidence, the deposition testimony of several witnesses taken in the previous declaratory judgment action. Said depositions were objected to and the court refused to consider them as evidence. The case was submitted on stipulation and the court sustained defendant Auto Club's motion for a directed verdict.

State Auto now appeals the denial of its motion for summary judgment and the granting of defendant Auto Club's motion for a directed verdict on three grounds. Specifically, State Auto maintains (1) the trial court erred in overruling its motion for summary judgment in that there was no question of fact as to the permissive use of the automobile and that as a matter of law § 303.190(2)(2) RSMo 1978 requires the Auto Club policy to provide liability coverage, (2) the trial court erred in refusing to admit into evidence certain depositions taken in the previous declaratory judgment action involving the construction of the same liability policy and (3) the trial court erred in granting defendant Auto Club's motion for a directed verdict in that State Auto is the real party in interest, is not bound by the previous declaratory judgment action, and is therefore, not barred from relitigating the issue of the Auto Club's coverage.

The threshold question in this case is whether State Auto in its subrogation action acquires only derivative rights from its insured and is therefore, bound by the previous declaratory judgment finding that James Morgan was not covered by defendant Auto Club's policy. In defense of this, State Auto argues it is not bound by the declaratory judgment since it was not a named party and had no notice of the proceeding until its final determination. See Rule 87.04 V.A.M.R.

This would normally be true. It is clear, however, the only basis set forth for State Auto's cross-claim is that of subrogation. It is also well established that in such an action a party makes a claim through a derivative right acquiring no greater rights in law or equity than the party for whom it was substituted and therefore, cannot make a claim its subrogor could not make. See *United States v. United Services Automobile Association,* 238 F.2d 364, 366 (8th Cir. 1956); *Holt v. Myers,* 494 S.W.2d 430, 444 (Mo.App.1973); *Subscribers at Casualty Reciprocal Exchange, by Dodson, et al., v. Kansas City Public Service Co.,* 91 S.W.2d 227, 232 (Mo.App.1936); 11 Appleman, Insurance Law and Practice, § 6505 (1981).

In the instant case, plaintiffs Teresa Stoverink's and Irwin Stege's claim to any coverage under defendant Auto Club's policy was determined against them in a three-day trial resulting in a judgment that Morgan was not covered under said policy's Omnibus Clause. Since this judgment was not appealed and is final, plaintiffs, Teresa Stoverink and Irwin Stege, are bound by its determination and are estopped from relitigating the issue of coverage under the Auto Club's policy. As such, State Auto, in its position as subrogee "stands in the shoes" of its insureds and is also estopped from collaterally attacking said judgment.

Furthermore, there is sufficient privity between plaintiffs and State Auto in order for us to apply the principles of res judicata and collateral estoppel. *Civic Plaza National Bank of Kansas City v. University Nursing Home, Inc.,* 504 S.W.2d 193, 200 (Mo.App.1973). As stated, defendant Auto Club brought a declaratory judgment action against all known parties to the accident and plaintiffs, in turn, had the right to claim Morgan was covered, not only for themselves but for any party who would later claim under them. The case was fairly and fully tried determining the issue of coverage under defendant Auto Club's policy. As the record reveals no evidence of fraud or collusion, we see no need to relitigate the issue. *Brown v. Bibb,* 201 S.W.2d

370, 374 (Mo.1947); see *Sierk v. Reynolds, et al.*, 484 S.W.2d 675, 680 (Mo.App.1972).

State Auto urges us to circumvent the basic principles of subrogation on the basis that it is founded upon principles of justice and equity in order to compel the ultimate discharge of a debtor obligation by the one who in fairness and in good conscience should pay for it. *Cole v. Morris,* 409 S.W.2d 668, 670 (Mo.1966). While State Auto argues that this is not a typical subrogation case where the insurer seeks to recover from the tortfeasor and that established subrogation rules should not apply, we are faced with the fact that the issue of defendant Auto Club's ultimate liability had already been determined against the parties having the principle right to make the claim. State Auto's possible liability did not even arise until such time as that determination was made. If plaintiff, who had the original right to make the claim had succeeded in securing a determination that Morgan was insured under said policy, State Auto's uninsured motorist coverage would not have been applicable. Plaintiffs chose not to appeal the judgment thereby barring any future claims on their part or by any party acquiring derivative rights. We cannot, even in the interest of justice and equity, grant greater rights to the subrogee than the party for whom it was substituted. As State Auto's interest is only that of a subrogee, its claim is barred as would be any claim made by the original plaintiffs seeking to relitigate the issue of coverage. State Auto also claims plaintiffs failed to meet the conditions set forth in the policy requiring them to notify State Auto of any suit brought against them which directly affected its interest and liability in the case. While this may serve as a basis for an action against plaintiffs and as a defense for State Auto in the initial action, it has no bearing on the cross-claim against defendant, Auto Club.

Accordingly, the directed verdict granted in favor of defendant, Auto Club, is affirmed. Since State Auto, because of its status as subrogee, had no right to relitigate the issue of Morgan's coverage or attack the prior declaratory judgment action,

it was not entitled to summary judgment in its favor. Clearly, State Auto could not establish, as a matter of law, that Morgan was covered by defendant Auto Club's policy. Finally, in light of the views expressed in this opinion, whether the depositions in question should have been admitted into evidence is a point we need not reach. The judgment is affirmed in all respects.

SNYDER, P.J., and GAERTNER, J., concur.