Felicia LEWIS, et al., Plaintiffs,

v.

BARNES HOSPITAL, Defendant/Defendant,

Richard Boardman, Intervenor/Appellant.

No. 48264.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 29, 1985.

592

Stanley E. Goldstein, Clayton, for intervenor, appellant.

G. Keith Phoenix, St. Louis, for defendant Barnes Hosp.

Larry W. Glenn, St. Louis, for plaintiffs.

GAERTNER, Judge.

On April 10, 1979, plaintiff, Felicia Lewis, underwent surgery in Barnes Hospital. While in the operating room and still under the effects of anesthesia, a nurse dropped an overhead operating light or light handle on plaintiff, causing injury to her head. Plaintiff and her mother retained an attorney, Scott Kell, to represent them in their action against Barnes Hospital. Kell sought appellant Richard Boardman to aid him in this representation.

Two years passed and no action had been taken against Barnes Hospital. On April 25, 1981, appellant and Kell were dismissed as plaintiff's attorneys. A new attorney was retained who filed suit against appellant and Kell for legal malpractice, alleging they let the statute of limitations run on the medical malpractice action. Plaintiff's second attorney also filed this action against defendant Barnes Hospital, alleging medical malpractice. Appellant filed a motion to intervene and a motion to consolidate the legal malpractice suit against him and the medical malpractice suit against the hospital. Barnes filed a motion to dismiss on the grounds the statute of limitations for medical malpractice had run pursuant to the provisions of § 516.105, RSMo. 1978.

The trial judge heard all three motions together. The motions to intervene and to consolidate were denied and the hospital's motion to dismiss was sustained. Boardman alone appeals. We affirm.

■ Appellant asserts he is entitled to intervene as a matter of right. Rule 52.-12(a) establishes a three-fold test as a prerequisite to intervention as a matter of right: (1) the applicant must claim an interest in the property or transaction which is the subject of the action, and (2) he is so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest, and (3) his interest is not adequately protected by an existing party. *Alsbach v. Bader,* 616 S.W.2d 147, 150 (Mo.App.1981). That

appellant has an interest in the medical malpractice case is obvious. Plaintiff can have but one recovery for her injury. If she obtains that recovery against the hospital, appellant would be exonerated. To the extent that plaintiff may possibly be indifferent as to whether she is compensated through a medical malpractice action or a legal malpractice action, it is at least arguable that appellant's interest may not be adequately protected by existing parties. However, appellant falls short of meeting the second prong of the three-fold test under the circumstances of this case.

Appellant argues that there is a common issue in both the medical malpractice case and the legal malpractice case. He contends that since plaintiff's surgery was completed at the time of her injury, the carelessness of the clean-up nurse amounted to ordinary, rather than professional, negligence thereby falling within the five year statute of limitations, § 516.120, RSMo.1978 rather than the two year limitation upon actions against health care providers under § 516.105, RSMo.1978. Therefore, he argues, the determination that the medical malpractice case is barred by § 516.105, would preclude him from asserting the applicability of the five year statute in the legal malpractice case against him. We disagree.

Appellant's fears that the preclusion arises by reason of the doctrines of res judicata or collateral estoppel are unfounded. Each of these doctrines apply only in specific circumstances. "Traditionally, res judicata (claim preclusion) precludes the same parties or their privities from relitigating the same cause of action whereas collateral estoppel (issue preclusion) precludes the same parties or those in privity from relitigating issues which have been previously litigated." *American Polled Hereford v. City of Kansas City,* 626 S.W.2d 237, 241 (Mo.1982). Neither situation exists here. Obviously the cause of action for medical malpractice is not the same as the cause of action for legal malpractice. Further, appellant is not in privi-

ty with any party to the medical malpractice case.

■ Application of the doctrine of res judicata requires the concurrence of four elements: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the person or parties to the cause of action, and (4) identity of the quality of the person for or against whom a claim is made.[1] *Prentzler v. Schneider,* 411 S.W.2d 135, 138 (Mo. banc 1966); *Eugene Alper Construction Co., Inc. v. Joe Garavelli's of Westport, Inc.,* 655 S.W.2d 132, 136 (Mo.App.1983). Only the first of these elements is present here. Res judicata may not be invoked to prevent appellant from asserting the applicability of the five year statute as a defense to the legal malpractice action against him.

■ Invocation of the doctrine of collateral estoppel also requires four elements: (1) the issue decided in the prior litigation is identical with the issue in the present action; (2) the prior adjudication resulted in a judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party or in privity with the party to the prior adjudication, and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit. *Oates v. Safeco Insurance Company of America,* 583 S.W.2d 713, 719 (Mo. banc 1979). Since appellant is not a party or in privity with a party to the medical malpractice case and since he has not had an opportunity to litigate the issue, collateral estoppel does not preclude him from litigating the issue of the appropriate statute of limitations in the legal malpractice case.

■ Appellant's reliance on *Stoverink v. Morgan,* 660 S.W.2d 743 (Mo.App.1983) is misplaced. There, the principles of res judicata and collateral estoppel were held to bar a subrogation action because the privity of contract between an insured and an insurer and the derivative nature of a sub-

rogation claim caused the insurer to be bound by the adjudication rendered in a prior action to which the insured was a party. No such relationship exists between plaintiff and appellant. The latter is not bound by the adjudication in the medical malpractice case nor is he precluded from litigating the statute of limitations question in the legal malpractice case.

■ Since appellant has no right to intervene he is not a party aggrieved by the dismissal of plaintiff's case against Barnes Hospital. Accordingly he has no standing to appeal that dismissal. Therefore, we do not reach his second point that the trial court erred in holding the two year statute of limitations applicable.

Judgment affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.

---

1. The phrase "quality of the person" apparently refers to the status in which he sues or is sued. For example, in *Eugene Alper Construction Co., Inc., v. Joe Garavelli's of Westport, Inc., supra,* a concluded action against an individual was not a bar to a second action against the same person as a director and shareholder of a corporation.