STATE ex rel. Prosecuting Attorney
of Washington County, Candide C.
COOPER, Plaintiff/Appellant,

v.

WASHINGTON COUNTY COMMISSION,
Robert E. Reed, Dean Adams, Sr., and
Eddie Johnston, Defendants/Respondents.

No. 62230.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 2, 1993.

Candide C. Cooper, Potosi, for plaintiff/appellant.

Albert J. Tindall, Potosi, Shawn Ragan McCarver, Flat River, for defendants/respondents.

CRANE, Judge.

The former prosecuting attorney for Washington County filed an action in her official capacity as prosecuting attorney. She appeals from actions taken by trial court after she left office and the new office holder was substituted as plaintiff. We dismiss the appeal on the ground that the former prosecuting attorney has no standing to bring this appeal.

Appellant, Candide C. Cooper, served as prosecuting attorney of Washington County from January 1, 1987 through December

31, 1990. On March 9, 1990, in her official capacity as prosecuting attorney of Washington County, Cooper filed a petition in the circuit court seeking a declaratory judgment that the 1990 Washington County budget was unconstitutional as applied to the prosecuting attorney. She additionally sought to permanently enjoin the Washington County Commission from "interfering with the enjoyment and conduct of her elected office by failing to provide and assure adequate staff, office space and equipment so that plaintiff can perform her statutorily prescribed duties and responsibilities." She further sought costs, attorney's fees and "such other and further relief as this court deems just and proper."

On January 1, 1991 Mark L. Akers took office as prosecuting attorney of Washington County. Cooper then moved to amend the petition to allow her to maintain the action on behalf of the office of prosecuting attorney and in her individual capacity. Akers notified the court of his election to office and requested to be substituted under Rule 52.13(d). He also advised the court of a possible conflict, that his law partner represented the Commission, and submitted a list from which a special prosecutor could be appointed.

On April 15, 1992 the circuit court ruled that Akers was automatically substituted as plaintiff in his official capacity as prosecuting attorney under Rule 52.13(d). The court found that Cooper had no interest in the case as a party plaintiff and ordered Cooper removed in both her official and individual capacities. The trial court subsequently replaced Akers with a special prosecutor.

On May 12, 1992 Cooper filed objections to the court order, moved the court to reconsider and vacate its April 15 order, and moved to intervene as a party plaintiff as a matter of right in the action. On May 13 the special prosecutor moved to dismiss the suit with prejudice. On May 15, 1992 the court ordered dismissal of the action and "all pending matters in controversy."

Cooper raises two points on appeal. She contends the trial court erred in ordering the automatic substitution of Akers as plaintiff and in dismissing the action, because the dismissal disposed of her motions to amend and to intervene. She asserts that she is the only person who has an interest in pursuing the lawsuit and that she is entitled to personal reimbursement for money she personally expended while prosecuting attorney. We dismiss the appeal on the ground that she has no standing to appeal because 1) a public officer may not seek review of a judgment in a suit brought in his or her official capacity after being separated from that office and 2) she had no right to intervene and therefore is not a party aggrieved by the dismissal.

■ Once a public official is separated from office, his or her successor is automatically substituted as a party, irrespective of whether or not a court order has been entered. Rule 52.13(d). That rule provides in part:

(d) Public Officers–Death or Separation from Office. When a public officer is a party to an action in his official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and his successor is automatically substituted as a party. Proceedings following the substitution shall be in the name of the substituted party, but any misnomer not affecting the substantial rights of the parties shall be disregarded. An order of substitution may be entered at any time, but the omission to enter such an order shall not affect the substitution.

After separation from office a public official is no longer in a position to obtain review of an adverse judgment in an action originally brought by that official in that capacity. *Fitzgerald v. Saffa,* 770 S.W.2d 431, 434–35 (Mo.App.1989) (quoting 4 Am. Jur.2d *Appeal and Error* § 233 (1962)).

■ Cooper brought the action solely in her capacity as a public official. Once Cooper no longer held the office of prosecuting attorney, she was required to be substituted as plaintiff under Rule 52.13(d). She was no longer a party and had no standing to file additional pleadings, such as her motion to amend to state a claim in her individual capacity, or to file an appeal from the order of substitution or the order of dismissal.

Further, after being automatically substituted as plaintiff under Rule 52.13(d), Cooper had no right to re-enter this case as plaintiff by means of a motion to intervene under Rule 52.12(a)(2). That subsection of the Rule provides:

**(a) Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The trial court specifically found Cooper no longer had an interest in the case. This finding was supported by the record. The cause of action Cooper filed in her official capacity related solely to enforcing rights and interests of the prosecuting attorney's office. Any private claims Cooper had to reimbursement were not the subject of the pending lawsuit.

When a public officer is engaged in litigation to protect public rights, and the officer's pleadings and procedure maintain the public interest, a private person is not entitled to intervene. 67 C.J.S. *Officers* 250, at 781 (1978). In this case, the prosecuting attorney adequately represented the interests of that office in this litigation. *C.f. State ex rel. Brentwood School Dist. v. State Tax Comm'n,* 589 S.W.2d 613, 614–15 (Mo. banc 1979). That Cooper may have had a different view of the public interest than her successor is immaterial.

Since Cooper had no right to intervene, she is not a party aggrieved by the order of dismissal. Accordingly she has no standing on these grounds to appeal the order of dismissal. *Lewis v. Barnes Hosp.,* 685 S.W.2d 591, 594 (Mo.App.1985).

Appeal dismissed.

CARL R. GAERTNER, P.J., and CRAHAN, J., concur.