Ralph D. SCHREINER,
et al., Appellants,

v.

OMAHA INDEMNITY COMPANY,
et al., Respondents.

No. 61431.

Missouri Court of Appeals,
Eastern District,
Southern Division.

April 20, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 18, 1993.

Application to Transfer Denied
June 29, 1993.

Albert C. Lowes, David J. Roth, II, Lowes & Drusch, Cape Girardeau, for appellants.

John P. Bradshaw, Christopher M. Crank, Finch, Bradshaw, Strom & Steele,

Cape Girardeau, and Stephen C. Wilson, Buerkle, Beeson & Ludwig, Jackson, for respondents.

AHRENS, Judge.

Plaintiffs, Ralph D. Schreiner and Norma E. Schreiner, (plaintiffs) appeal the trial court's dismissal of their uninsured motorist claims against Omaha Indemnity Company and Cameron Mutual Insurance Company (uninsured motorist carriers) for damages for personal injury and loss of consortium arising out of an automobile accident. We reverse and remand.

Plaintiff Ralph Schreiner was a passenger in a car which was involved in an accident with a dump truck on September 23, 1986. Following denial of coverage by the liability carriers of the dump truck, Ralph Schreiner and his wife, Norma, filed this cause of action on January 24, 1989, against the insurance carriers that provided uninsured motorist coverage for the accident. The uninsured motorist carriers then filed a declaratory judgment action, claiming that the dump truck was not an uninsured vehicle, and asked that the court determine which insurance carriers provided coverage for the plaintiffs' claims.

The declaratory judgment action was the subject of a prior appeal. The detailed facts of this case, as well as a summary of the trial court's judgment and order in the declaratory judgment action, are set forth in *Omaha Indem. Co. v. Pall, Inc.*, 817 S.W.2d 491 (Mo.App.1991) (*Omaha I*). In *Omaha I*, we affirmed the trial court's order finding that the liability carriers' policies provided coverage and granting summary judgment against the liability carriers, but also granting summary judgment against the uninsured motorist carriers based upon the denial of the liability carriers. We held that, although under the language of their policies the liability carriers provided coverage for the accident, their denial of coverage invoked the obligations of the uninsured motorist carriers. We found that plaintiffs were entitled to proceed with their uninsured motorist claims regardless of the legal efficacy of the denial. Our decision in *Omaha I* was handed down on July 16, 1991; Application to Transfer to the Supreme Court was denied on November 19, 1991.

Thereafter, on December 14, 1991, more than five years after the accident and after our decision in *Omaha I*, the liability carriers filed a memorandum with the trial court in this case, accepting coverage for plaintiffs' claims. The memorandum stated in part:

> [T]hey [the liability carriers] mutually accept the obligation to defend and indemnify against liability, with respect to the 1976 Ford truck, ... provided that such acceptance relieves [the uninsured motorist carriers] of their liability under their respective uninsured motorist coverage policies herein.

The uninsured motorist carriers then filed a motion to dismiss plaintiffs' uninsured motorist claims. The uninsured motorist carriers contended that since the liability carriers had accepted coverage, plaintiffs no longer had cognizable uninsured motorist claims. The trial court sustained the motion to dismiss,[1] stating in part:

> [T]hat [the liability carriers], having accepted liability insurance coverage for the operation of the 1976 dump truck and the judgment declaring such coverage having become final within the meaning of this Court's Order, the plaintiff's [sic] claim against [the uninsured motorist carriers] should be dismissed and judgment entered in their favor.

Plaintiffs contend in their sole point on appeal that the trial court erred in dismissing their petition against the uninsured motorist carriers because this court previously found in Omaha I that uninsured motorist coverage was applicable and that plaintiffs could proceed with their uninsured motorist claims. Respondents argue that in Omaha I we affirmed *in toto* the trial court's judgment and order in the declaratory judgment action, thereby affirming a portion of the judgment finding that if, in the future, the liability carriers accepted coverage,

---

1. The trial court also dismissed the uninsured motorist carriers' third-party petition for indemnity against the liability carriers without prejudice.

then the dump truck would no longer be considered an uninsured vehicle.

The trial court's judgment and order in the declaratory judgment action stated, in part:

[I]n the event that coverage is accepted by [the liability carriers] or a judgment so holding becomes final against either of them, the 1976 Ford dump truck would cease to become an uninsured motor vehicle and [the uninsured motorist carriers] would no longer be liable under their applicable policies of insurance.

■ We find that the uninsured motorist carriers are bound by our determination in Omaha I that the denial of coverage by the liability carriers obligated the uninsured motorist carriers, and that plaintiffs were entitled to proceed with their uninsured motorist claims. Once a declaratory judgment becomes final, the parties are bound by its determination and are estopped from relitigating the issue. *See Stoverink v. Morgan*, 660 S.W.2d 743, 745–46 (Mo.App.1983). The uninsured motorist carriers, the liability carriers, and plaintiffs were all parties to the declaratory judgment action. They had the opportunity to fully and fairly litigate the issue of coverage, and are estopped from relitigating the issue in this uninsured motorist action.

In a sense, by filing the motion to dismiss this action, the uninsured motorist carriers were seeking to relitigate the issue of coverage in this case. In dismissing the uninsured motorist claims, the trial court was required to make a new and separate declaratory judgment that the uninsured motorist carriers were no longer obligated to plaintiffs. Such a determination fails to recognize our holding in *Omaha I.*

In finding that the trial court erred in dismissing plaintiffs' petition, we are mindful of the court's decision in *Rister v. State Farm Mut. Auto. Ins. Co.*, 668 S.W.2d 132 (Mo.App.1984). In *Rister*, the court found that the plaintiffs were not entitled to recover uninsured motorist benefits based upon the liability carrier's initial denial of coverage, following the plaintiffs' subsequent acceptance of the liability carrier's settlement offer. *Id.* at 136. *Rister* is

distinguishable because in that case there had been no judicial determination of coverage prior to acceptance of a settlement offer. Here, the liability carriers have extended no settlement offers, and the admission of coverage was not made until after the declaratory judgment became final.

■ Our decision in *Omaha I* did not address whether the uninsured motorist carriers would be relieved of their obligations if the liability carriers, at some point in the future, accepted coverage. We find that the declaratory judgment was erroneous to the extent it determined which insurance carriers would provide coverage for the accident in the event some future occurrence took place, that is, if the liability carriers decided to accept coverage. In a declaratory judgment action, the trial court is limited to determining actual controversies at the time of the declaratory judgment. *See County of Warren v. Union Electric Co.*, 800 S.W.2d 814, 816 (Mo. App.1990). Declaratory judgments may not be used to adjudicate speculative situations which may never come to pass. *Id.* At the time of the declaratory judgment, there had been no acceptance of coverage by the liability carriers. The issue of which carrier would be obligated to plaintiffs if the liability carriers at some future point withdrew their denial of coverage was not ripe for consideration. The declaratory judgment action could not be used to adjudicate a hypothetical or speculative situation. *See Commonwealth Ins. Agency, Inc. v. Arnold*, 389 S.W.2d 803, 806 (Mo. 1965).

■ We note that an insured has no obligation to assert a tort claim against a tortfeasor prior to filing suit against his or her uninsured motorist carrier. *Oates v. Safeco Insurance Co. of America*, 583 S.W.2d 713, 717–18 (Mo. banc 1979). Therefore, plaintiffs were not obligated to file an action against the tortfeasor prior to bringing this suit. An uninsured motorist carrier, however, is not without a remedy against a liability carrier which denies coverage for an accident. An uninsured motorist carrier has a right to subrogation upon its payment to an insured. *Kroeker*

*v. State Farm Mut. Auto. Ins. Co.,* 466 S.W.2d 105, 110–11 (Mo.App.1971); RSMo § 379.203.4 (Supp.1992). Therefore, after payment to an insured, an uninsured motorist carrier may file suit against a tortfeasor to recover the proceeds it paid to its insured.

The fact the statute of limitations has run on a claim against a tortfeasor, thereby preventing an insurer from filing a subrogation action, does not preclude an insured from pursuing a timely-filed uninsured motorist claim. *See Oates,* 583 S.W.2d at 717–18. Here, the statute of limitations against the tortfeasor had run at the time our decision in Omaha I became final. Plaintiffs had, however, timely filed this cause of action against the uninsured motorist carriers following the denial of coverage by the liability carriers.

When, as in this case, an insurance carrier includes in its definition of an uninsured motorist a driver whose vehicle is insured by a bodily injury liability policy but whose insurer denies coverage, it is reasonable for an insured to expect no delay in settlement of an uninsured motorist claim for the purpose of determining the legal efficacy of the denial. In situations when an uninsured motorist carrier seeks a judicial determination of liability, following denial of coverage by the liability carrier, the insurer, not the insured, should bear the consequences which result from time expended to establish liability. Here, the uninsured motorist carriers chose to file the declaratory judgment action rather than attempt to settle plaintiffs' claims and proceed with subrogation. The statute of limitations has run on plaintiffs' claims against the tortfeasor. It would be unjust and inequitable to now terminate plaintiffs' uninsured motorist claims based upon an acceptance of coverage by the liability carriers made only after the statute of limitations had run on plaintiffs' claims against the tortfeasor. To do so would leave plaintiffs without any legal remedy for their damages.

The judgment dismissing plaintiffs' petition and the third party petition of the uninsured motorist carriers is reversed and the cause is remanded to the Circuit Court of Cape Girardeau County for further proceedings.

SMITH, P.J., and CRANE, J. concur.