**Fairy HAYWARD, Appellant,**

v.

**CITY OF INDEPENDENCE, Respondent.**

**No. WD 54318.**

Missouri Court of Appeals,
Western District.

March 31, 1998.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 2, 1998.

Fairy Hayward, pro se.

Eric G. Zahnd, Kansas City, for respondent.

Before LAURA DENVIR STITH, P.J., and HANNA and RIEDERER, JJ.

PER CURIAM.

Fairy Hayward appeals the trial court's dismissal of her petition for lack of jurisdiction and failure to state a justiciable cause of action.

1. All statutory references are to RSMo 1994, unless otherwise indicated.

## I. Facts

On October 31, 1996, the Independence Community Development Department, Code Compliance Division, held a hearing regarding violations of the Property Maintenance Code on property located at 1709 South Hands. Appellant is the owner of this property. Rex Satterfield ("Satterfield"), Code official of the Code Compliance Division, sat as the hearing officer. At the hearing, Satterfield made findings of fact including: 1) that the property had weeds in excess of twelve inches in height; 2) that barrels, boxes, scrap lumber, and fencing material were stored on the property; and 3) that two non-operating vehicles were located on the property. Satterfield made several orders, including that the violations mentioned above be remedied before December 2, 1996. At the conclusion of the hearing on October 31, 1996, Appellant was given a copy of the order, although she refused to sign it.

On February 4, 1997, Appellant received a letter dated January, 31, 1997 from the City of Independence referencing the hearing held in October. The letter informed Appellant that the City would soon undertake efforts to enforce the orders made at the October hearing.

## II. Procedural History

Appellant filed a motion for a temporary restraining order on February 7, 1997. On February 13, 1997, Appellant filed an amended petition and on March 17, 1997, she filed a motion for summary judgment. The trial court dismissed the case for lack of jurisdiction pursuant to § 536.110 [1] and due to Appellant's failure to state a justiciable cause of action. In light of the court's determination, the court also found that Appellant's motion for summary judgment was deemed moot. Appellant then filed a motion for reconsideration which was denied. This appeal ensued.

## III. Missouri Administrative Procedure Act

"The right to appeal a civil judgment exists solely by virtue of statute." *Led-*

*erer v. State Dept. of Social Serv.,* 825 S.W.2d 858, 861 (Mo.App.1992) (*citing Bolin v. Farmers Alliance Mut. Ins. Co.,* 549 S.W.2d 886, 889 (Mo. banc 1977)). "When a statute or rule provides a special method of review it is exclusive and mandatory." *Id.* (citations omitted).

## A. Contested Case

Enforcement of an ordinance by a municipality is administrative and reviewable under the Missouri Administrative Procedure Act ("Act"), Chapter 536 RSMo 1994. *Wrenn v. City of Kansas City,* 908 S.W.2d 747, 749 (Mo.App.1995) (citations omitted). If the decision occurs in the context of a contested case, it is subject to judicial review under § 536.100.[2] *Id.* Section 536.010(2) of the Act defines a contested case as "a proceeding before an agency in which legal rights, duties, or privileges of specific parties are required by law to be determined after a hearing." A contested case is one in which a proceeding is contested because of some requirement by statute, municipal charter, ordinance, or constitutional provision for a hearing of which a record must be made unless waived. *Wrenn,* 908 S.W.2d at 750. Section 536.070 sets out the requirements for a contested case.

The case before us is a contested case because a hearing was held to determine Appellant's rights under Respondent's municipal ordinances, a proper record was maintained, procedural formalities were observed and the written decision contained findings of fact and conclusions of law. Since the proceeding before the Code Compliance Division was a contested case, the Division's decision was subject to judicial review pursuant to § 536.110.[3]

## B. Finality of Decision

Appellant's arguments are difficult to characterize. To the extent that the Appellant is arguing that her suit constitutes a timely appeal from the administrative order,

we disagree. In order to obtain judicial review under § 536.100, a petition must be filed within thirty days after the mailing or delivery of notice of the agency's final decision. Section 536.110.1. A decision is final if the agency arrived at a terminal, complete resolution of the case. *Jenkins v. Director of Revenue,* 858 S.W.2d 257, 262 (Mo.App.1993). An agency order that is tentative, provisional, contingent, or subject to recall, revision or reconsideration by the agency is not considered final. *Id.*

In this case, Appellant argues that the trial court erred in dismissing her claim because Respondent's decision on October 31, 1996 was not a final decision under § 536.110.1. Appellant claims that the letter she received from Respondent dated January 31, 1997 represents its final decision.

The hearing was held on October 31, 1996. On that date Appellant was shown a copy of the order at the conclusion of the hearing. The findings of fact and hearing orders were given to Appellant on the date of the hearing, October 31, 1996. Therefore, under § 536.110.1, October 31, 1996, is the date from which Appellant was given thirty days to appeal Respondent's decision. The thirty day deadline actually fell on Saturday, November 30, 1996. When a deadline falls on a Saturday or Sunday, the time period runs until the end of the next day which is not a Saturday, Sunday or legal holiday. Mo. R. Civ. P. 44.01. Therefore, Appellant had until December 2, 1996 to comply with or appeal the order.

On February 4, 1997, Appellant received a letter dated January, 31, 1997, from representatives of Respondent referencing the hearing held in October. Appellant was informed in the letter that Respondent would be entering her property on February 10, 1997 to remedy the violations listed on the order from the hearing, since Appellant had not complied with the order in the time

---

**2.** "Any person who has exhausted all administrative remedies provided by law and who is aggrieved by a final decision in a contested case ... shall be entitled to judicial review ... as provided in sections 536.100 to 536.140 ..."

**3.** § 536.110.1 states: "Proceedings for review may be instituted by filing a petition in the circuit court of the county of the proper venue within thirty days after the mailing or delivery of the notice of the agency's final decision."

period allotted by Respondent. However, this was not the date of the Respondent's judgment. That date had long passed.

■ "The timely filing of an application for review in an administrative case is jurisdictional; the failure to comply with the statutory time limit for appeal results in a lapse of jurisdiction and the loss of the right to appeal." *Weber v. Div. Of Employment Security,* 950 S.W.2d 686, 687 (Mo.App.1997). Whenever it appears that the trial court lacks jurisdiction of the subject matter, the court *shall* dismiss the action. Mo. R. Civ. P. 55.27(g)(3) (emphasis supplied). The trial court properly dismissed this action. *Weber,* 950 S.W.2d at 687. Our jurisdiction is derived from the trial court. *Id.* In this case, Appellant's failure to file a timely appeal from the agency's final decision, deprived the trial court of jurisdiction to review the decision of Respondent. Therefore, we also lack jurisdiction to review that decision.

## IV. Failure To State A Claim

Appellant also seems to argue that she had a right to file this suit as an independent attack on the constitutionality of the ordinance, separate and apart from any right to review the administrative order and that it was error to dismiss her petition. When we review the dismissal of a petition, we determine if the facts pleaded and the inferences reasonably drawn therefrom state any ground for relief. *Pulitzer Pub. Co. v. Missouri State Employees' Retirement System,* 927 S.W.2d 477, 479 (Mo.App.1996) (*citing Martin v. City of Washington,* 848 S.W.2d 487, 489 (Mo. banc 1993)). "A motion to dismiss for failure to state a claim upon which relief can be granted is solely a test of the adequacy of the plaintiff's petition." *Pulitzer,* 927 S.W.2d at 479 (*citing Nazeri v. Missouri Valley College,* 860 S.W.2d 303, 306 (Mo. banc 1993)). "A motion to dismiss for failure to state a claim may be sustained only where the petition fails to allege facts essential to a recovery." *Klemme v. Best,* 941 S.W.2d 493, 495 (Mo. banc 1997).

■ Appellant's "amended complaint" requests declaratory and injunctive relief. Appellant recites that she brings this action "as a resident and taxpayer of the city."

Appellant alleges that certain provisions of Respondent's property maintenance code are unconstitutional and that she seeks a declaration of unconstitutionality and an injunction against their enforcement. Appellant also asserts that enforcement of the provisions of the Maintenance Code to Appellant's property "would constitute a taking of plaintiff's property," and that the code authorizes the taking and destruction of her property. Appellant also pleads four other general allegations of unconstitutionality.

■ However, the "amended complaint" is deficient in two respects. First, Appellant cites no authority allowing her to complain about the constitutionality of an ordinance without alleging some harm to herself from the operation of the ordinance. *See Carlund Corp. v. Crown Center Redevelopment Corp.,* 910 S.W.2d 273, 278 (Mo.App. 1995); *Mid–America Georgian Gardens, Inc. v. Missouri Health Facilities Review,* 908 S.W.2d 715, 717–8 (Mo.App.1995). While Appellant's amended complaint states a general conclusion that she "has suffered irreparable damage," she alleges no facts from which the court could reasonably infer any grounds for relief. *Pulitzer,* 927 S.W.2d at 479. Of course, as noted, she does allege injury from the administrative order, but that cannot be considered here, since she failed to timely appeal. For the same reason, Appellant has failed to "allege facts essential to recovery." *Klemme,* 941 S.W.2d at 495. Appellant does not assert that any wrong has occurred, merely the possibility of what could occur if the code provisions were enforced. Appellant claims her home *may* be subject to Respondent's ordinances and that *in case of* violation of those ordinances she could be subject to fines. "[I]n a declaratory judgment action, the trial court is limited to determining actual controversies at the time of the declaratory judgment." *State ex rel City of Crestwood v. Lohman,* 895 S.W.2d 22, 30 (Mo.App.1994) (*citing Schreiner v. Omaha Indem. Co.,* 854 S.W.2d 542, 544 (Mo.App. 1993)). "The test for 'actual controversy' is whether there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judg-

ment." *Id.* Speculative situations which may never happen are not adjudicated via declaratory judgments. *Id.*

In this case, Appellant's amended petition fails to set forth facts constituting an actual controversy other than the administrative order which she failed to timely appeal. Appellant cannot use a declaratory judgment or an injunction to avoid appeal deadlines. Missouri is a fact pleading state. *ITT Comm. Finance v. Mid–Am. Marine,* 854 S.W.2d 371 (Mo. banc 1993); Rule 55.05. "Where a petition contains only conclusions and does not contain the ultimate facts or any allegations from which to infer those facts a motion to dismiss is properly granted." *Berkowski v. St. Louis County,* 854 S.W.2d 819, 823 (Mo.App.1993). The trial court's dismissal of the action for failure to state a claim is affirmed.