**Leonard BEGSHAW, Appellant,**

v.

**The CITY OF INDEPENDENCE, Missouri, Respondent.**

**No. WD 58251.**

Missouri Court of Appeals, Western District.

Dec. 29, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 27, 2001.

Application to Transfer Denied April 24, 2001.

Philip A. Klawuhn, Kansas City, for appellant.

Steven E. Mauer, Kansas City, for respondent.

Before EDWIN H. SMITH, Presiding Judge, ULRICH, Judge and ELLIS, Judge.

ELLIS, Judge.

In 1989, Appellant Leonard Begshaw purchased a piece of real property located at 9500 Wilson Road in Independence, Missouri. Appellant operated a business known as Larry's Bar in the building located on that property.

On April 30, 1998, City of Independence building inspectors inspected the property. Following their inspection, they notified the building manager, Rebecca Mansfield, that the occupational license for the business would expire at the end of the day. Appellant failed to renew the occupational license for the property, and the business was closed.

On July 18, 1998, the Building Official sent notice to Appellant that the building on the property was not in compliance with § 4.01.008 of the Property Maintenance Codes of the City of Independence and would need to be repaired or removed. The Building Official informed Appellant that the building would be demolished if it were not brought up to code within thirty days. Appellant made no efforts to repair the property or seek a building permit at that time.

On August 10, 1998, the City notified Appellant that a hearing was scheduled for September 14, 1998, to determine whether the building was dangerous and to assess the fate of the building pursuant to City Code § 4.01.008. Notice of that hearing was also published in the Independence Examiner on August 12, 13, and 14, 1998.

On September 14, 1998, a hearing was conducted involving the Deputy Building Official, the Code Enforcement Officer,

and the Assistant City Counselor. Appellant failed to attend that hearing. At that hearing, the Code Enforcement Officer reported that no work had been done to the building and that no repair permits had been issued to Appellant. Further testimony was offered indicating that the building was dilapidated and in damaged condition and was dangerous to the life and safety of any occupants and the public at large.

Following the hearing, the Deputy Building Official issued his Findings of Fact and Conclusions of Law in which he found that numerous defects had been found in the building. He found that the building was a danger to public health and safety and ordered that it must be repaired or demolished within thirty days. The Conclusions of Law further stated that if the building was not repaired or demolished within thirty days, it would be demolished by the City with the costs imposed as a lien against the property.

On October 9, 1998, Appellant was granted a 180-day building permit to make repairs to the property. Over the next eleven weeks, Appellant failed to make any repairs to the property. On December 21, 1998, the City notified Appellant of a problem with his permit and revoked the permit, but the City encouraged Appellant to apply for a new permit. On April 9, 1999, the City issued Appellant a thirty-day permit to repair the building. When that permit expired, Appellant requested an additional six months to complete the repairs. On May 11, 1999, the City informed Appellant that it would not extend the building permit and that demolition of the property was scheduled for the following day.

On May 12, 1999, Appellant filed a Petition for Review in the Circuit Court of Jackson County asking the court to review the City's decision to demolish the building. Appellant also applied for a temporary restraining order to prevent the demolition of the property. That same day, the Circuit Court entered a restraining order preventing demolition of the property pending a hearing on the matter.

On May 27, 1999, both Appellant and the City moved for directed verdict regarding the decision to demolish the building. The Circuit Court granted the City's motion for directed verdict regarding its finding that the building was dangerous. However, the Court extended the expired building permit thirty days to allow Appellant to substantially perform the requisite repairs based upon a finding that Appellant had incurred expenses in reliance on the building permits issued by the City.

When a review hearing was held on July 21, 1999, the Court granted Appellant an additional thirty days to complete repairs to the property. On September 9, 1999, the court granted a third extension of time to complete the necessary repairs.

On November 5, 1999, the Circuit Court conducted a hearing after Appellant requested a fourth extension of time in which to complete the repairs. The Court heard testimony regarding the status of those repairs. The evidence presented indicated that the necessary repairs had not been completed and that new damage had been discovered. Appellant's engineer even testified that in his opinion the building was not worth saving. After hearing the testimony, the Circuit Court denied Appellant's request for more time to complete repairs to the property.

Subsequently, Appellant filed a "Petition for Writ of Prohibition or Mandamus, Continuance of Preliminary Injunction and of Bond" in the Missouri Court of Appeals, Western District. On January 3, 2000, this Court denied Appellant's petition.

On February 10, 2000, Appellant filed a Notice of Appeal with the Circuit Court and an application to stay the demolition of the building pending appeal. On February 28, 2000, the Circuit Court granted a stay pending appeal.

■ Appellant brings three points on appeal challenging the Circuit Court's decision in this matter. Because we find that the Circuit Court lacked subject matter jurisdiction over Appellant's petition, we need not address those points on appeal. Whenever it appears that the circuit court lacked jurisdiction of the subject matter of a case, the action must be dismissed. *Hayward v. City of Independence*, 967 S.W.2d 650, 653 (Mo.App. W.D.1998).

■ Enforcement of an ordinance by a municipality is administrative and should be reviewed under the Missouri Administrative Procedure Act, Chapter 536 RSMo 1994. *Id.* at 652. "Administrative decisions which are judicial or quasi-judicial in nature, and which are made after hearing, are reviewable upon the agency record made under § 536.100 as contested cases." *Reynolds v. City of Independence*, 693 S.W.2d 129, 131 (Mo.App. W.D.1985). "Section 536.010(2) of the Act defines a contested case as 'a proceeding before an agency in which legal rights, duties, or privileges of specific parties are required by law to be determined after a hearing.'" *Hayward*, 967 S.W.2d at 652 (quoting § 536.010(2), RSMo 1994).

■ The case at bar is a contested case because a hearing was held, as required by law, to determine Appellant's rights under City Code § 4.01.008; a proper record was maintained; procedural formalities were observed; and a written decision was issued containing findings of fact and conclusions of law. *Id.* Accordingly, the City's decision was subject to the provisions of § 536.100, RSMo 1994. *Id.*

■ Section 536.100 provides that "[a]ny person *who has exhausted all administrative remedies provided by law* and who is aggrieved by a final decision in a contested case ... shall be entitled to judicial review thereof." (emphasis added). Section 536.100 does not allow judicial review of an administrative decision where the party filing for review has not exhausted all of the administrative remedies available to them. *Willamette Industries, Inc. v. Clean Water Comm'n*, 34 S.W.3d 197 (Mo.App.W.D.2000) (quoting *Farm Bureau Town & Country Ins. v. Angoff*, 909 S.W.2d 348, 354 (Mo. banc 1995)). Consequently, "[a] trial court does not have subject matter jurisdiction in a case in which the party seeking judicial review has not exhausted all administrative remedies." *Doody v. Department of Social Services*, 993 S.W.2d 563, 565 (Mo.App. W.D.1999).

The Property Maintenance Codes of the City of Independence set forth a procedure for administrative review for parties aggrieved by decisions rendered by the Building Official. City Code § 4.01.008(I) provides:

> Except in emergency cases, any party aggrieved by any notice, finding or order may request a hearing before the Board of Building and Engineering Appeals. Any interested party aggrieved by the determination of the Board of Building and Engineering Appeals may appeal to the Circuit Court as established in Chapter 536 of the Revised Statutes of Missouri.

Accordingly, Appellant should have addressed any challenge to the Building Official's decision to the Board of Building and Engineering Appeals. By failing to file an appeal to that board, Appellant failed to exhaust the administrative remedies available to him.

■ Because Appellant failed to exhaust his administrative remedies, the Circuit Court lacked subject matter jurisdiction to review the Building Official's decision. *Doody*, 993 S.W.2d at 565. "The proceedings of a trial court without subject matter jurisdiction are void and the only recourse is to dismiss the cause." *Toghiyany v. City of Berkeley*, 984 S.W.2d 560, 563 (Mo. App. E.D.1999).

Because the circuit court lacked subject matter jurisdiction over this matter, the cause is remanded to the circuit court for dismissal of this action.

All concur.