Patrick J. FLEMING, and Jacqueline Fleming, Respondents/Cross–Appellants,

v.

CITY OF JENNINGS, Missouri and Richard Englehard, Deputy Building Commissioner, Defendants/Appellants.

Nos. ED 82583, ED 82639.

Missouri Court of Appeals, Eastern District, Division Three.

March 23, 2004.

Mary Jamis Kresyman, St. Louis, MO, for appellant.

Charles Anthony Pirrello, St. Louis, MO, for respondent.

WILLIAM H. CRANDALL, JR.,
Judge.

Defendants, City of Jennings (City) and Richard Englehard, appeal and plaintiffs, Patrick Fleming and Jacqueline Fleming, cross-appeal from the judgment awarding plaintiffs $8,000.00 after City demolished a building on plaintiffs' property. We affirm.

Plaintiffs own real property located in City. On April 21, 1998, City's Deputy Building Commissioner, Richard Englehard, sent plaintiffs by certified mail a "NOTICE TO DEMOLISH DANGEROUS BUILDING." The notice stated that plaintiffs' building had been declared a dangerous building "according to Article 1, Section PM 106, subsections 106.1, 106.2 (.4, .5, .6)" of City's municipal code. The notice also provided that if rehabilitation or demolition did not commence within thirty days, City would have the building demolished. The notice further stated that a public hearing would be held on May 22, 1998 to hear any appeal of the notice.

Plaintiff, Patrick Fleming, appeared at the May 22nd hearing and acknowledged that he had received a copy of the demolition notice. Deputy Commissioner Englehard was also present. Fleming asserted that the building was originally a duplex and they were trying to change it to a two-bedroom house. Englehard stated that he believed the building was declared dangerous "because of the failure to provide [a]menities for anyone that would possibl[y] [be] living in it, like you said you had it gutted." Englehard also stated that there were "a number of criteria that we go by that we would normally classify it as a dangerous building." The hearing concluded as follows:

Mr. Englehard: What we would need, if you are going go be changing it, we would need a set of drawings, they do not have to be architectural drawings, but they have to be good straight line drawings with dimensions of all rooms, then you would have another set showing where walls would be removed or placed or however it would be done. For the change over. Then a building permit would be issued to allow you to begin your work on that. Now if you need plumbing, electrical, or mechanical work, th[ere] would be required permits for those also.

Mr. Fleming: I wasn't aware of all of that before, but I am now.

Mr. Englehard: Okay, you know these things have to do with the health and safety of anyone that would possibly be residing in there. The City can give you up to 30 days to begin, like I said, the beginning could be giving us the drawings, maybe an application for the building permit, whatever it might be, that would be the beginning of the rehabilitation and then we could go from that point. What we will do is that we will give you a 30 day period in which to begin rehabilitation or demolition, we will put it either way, after that point the City could declare that a dangerous building and have it demolished. We will go with as that, as a public nuisance to the City. But if you can get us the information or the plans and what not as far as your intentions and the beginning we can go with that. All right.

Mr. Fleming: Okay.

Mr. Englehard: Okay, thank you Mr. Fleming.

A letter dated June 3, 1998, from Englehard to plaintiffs stated as follows:

Attached please find the transcript from the Public Hearing on Friday, May 22, 1998, at 9:00 a.m., concerning the condemnation of the property at 5545 Jennings Station Road.

As stated in the transcript, the City gave you 30 days to begin rehabilitation or demolition of said property. As of this date, the City has not heard from you of your intentions. Please notify this office of your intentions concerning the rehabilitation of this property and again, as stated, submit plans and permit applications for said rehabilitation. This office will continue to monitor the progress of the rehabilitation of this property.

Should rehabilitation or demolition not commence within the 30 day period as given, the City will continue with the condemnation of said property and having already declared the property a dangerous building and public nuisance, will take the appropriate steps to proceed with demolition.

Should you have any questions concerning this matter, please call me at [ ].

In May 1999, City had the building demolished. On February 22, 2000, plaintiffs brought an action alleging that City wrongfully demolished their building. Defendants filed motions to dismiss. Defendants argued that under section 536.110 RSMo.2000 the trial court lacked subject matter jurisdiction because plaintiffs' action was not filed within thirty days after the June 3, 1998 letter. In response, plaintiffs asserted that they had complied with the request set forth in the June 3rd letter. Plaintiffs further asserted that they had complied with all City ordinances and instructions given by City. Plaintiffs also argued that City had not issued findings of facts or an order of demolition as required under City's ordinances and Missouri law. The motions to dismiss were denied.

At trial, Fleming testified that after he received the June 3rd letter, he gave plans for the building to Englehard. Englehard testified that at the May 22nd hearing Fleming showed him the back of a piece of a paper that stated what Fleming planned to do with the building. According to Englehard, he told Fleming "[t]his is fine, just get me the drawings on it so we can look at it and get the permits issued." Englehard further testified that Fleming never gave him any drawings after the May 22nd hearing. Both parties presented evidence regarding the value of the demolished building. The trial court entered judgment for plaintiffs and awarded $8,000.00 in damages.

■ Defendants appeal arguing that the trial court erred in denying their motions to dismiss and in its calculation of damages. Plaintiffs cross-appeal challenging the trial court's calculation of damages.

Defendants argue in their first point that the trial court erred in denying its motions to dismiss. Defendants contend that enforcement of a municipal ordinance is subject to judicial review under Missouri's Administrative Procedures Act and plaintiffs' failure to comply with the statutory time limit for appeal resulted in the trial court lacking subject matter jurisdiction.

■ Enforcement of an ordinance by a municipality is administrative and is subject to review under the Missouri Administrative Procedure Act, chapter 536. *Begshaw v. City of Independence*, 41 S.W.3d 500, 503 (Mo.App. W.D.2000). To obtain judicial review under section 536.100, a petition must be filed within thirty days after the mailing or delivery of notice of the agency's final decision. Section 536.110.1. RSMo.2000; *Hayward v. City of Independence*, 967 S.W.2d 650, 652 (Mo. App. W.D.1998). The agency's decision is final if it arrived at a terminal, complete resolution of the case. *Hayward*, 967 S.W.2d at 652. An agency's order that is tentative, provisional, contingent or subject

to recall, revision or reconsideration by the agency is not considered "final." *Id.*

The June 3rd letter states that City would "continue to monitor the progress of the rehabilitation of this property." The letter also states that if rehabilitation or demolition did not commence within thirty days, City would "continue with condemnation of the said property" and "take appropriate steps to proceed with demolition." The transcript from the May 22nd hearing was attached to the June 3rd letter. At the hearing, Englehard testified that if plaintiffs provided City with plans, City would "go with that." Englehard also stated that City would give plaintiffs thirty days to rehabilitate or demolish the building and "after that point the City could declare that a dangerous building and have it demolished." Terms and phrases such as "could declare," "take appropriate steps," "continue with condemnation," and "continue to monitor the progress" are tentative and do not reflect that City had reached a "final" decision, as that term is defined, to demolish the building. This type of language also indicates that City's decision was subject to reconsideration. Furthermore, City's decision was contingent on plaintiffs' actions regarding rehabilitation or demolition of the building. Accordingly, City's June 3rd letter was not a "final" order and therefore plaintiffs were not required to bring their action within thirty days. The trial court did not err in denying defendants' motions to dismiss. Defendants' first point is denied.

In its second point, defendants argue that the trial court erred in denying their motions to dismiss based on the doctrine of laches. In defendants' final point and in plaintiffs' sole point in their cross-appeal, the parties challenge the trial court's calculation of damages. The judgment of the trial court is supported by substantial evidence and is not against the weight of the evidence; no error of law appears. A written opinion for these points would have no precedential value. Defendants' second and third points and plaintiffs' point in their cross-appeal are denied in accordance with Rule 84.16(b).

The judgment is affirmed.

CLIFFORD H. AHRENS, P.J., and LAWRENCE E. MOONEY, J., concur.